WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>The State Of Arizona; Jonas Perry and Jane Doe Perry, Husband and Wife; Anita McDonald and John Doe McDonald, Wife and Husband; Anna Apolinar and John Doe Apolinar, Wife and Husband; Christina Gary and John Doe Gary, Wife and Husband; Brittany Scott-Membrila and John Doe Membrila, Wife and Husband; Sonya Tyus And James Tyus, Wife and Husband; A New Leaf, Inc., and Arizona nonprofit corporation,<br><br>Defendant. | CV-22-0777-PHX-JAT<br><br>**Order** |

Pending before the Court is the parties' discovery dispute (Doc. 84) regarding whether certain emails were privileged. As the Court understands it, at some point while L.W. was in foster care, L.W.'s father, L.M.W. sought advice of counsel regarding obtaining custody of L.W. As part of this effort, counsel emailed with L.M.W.'s mother (L.W.'s grandmother) regarding perhaps her obtaining custody. (Doc. 84 at 2). The existence of these emails was disclosed in this case on Plaintiff's privilege log.

Defendants seek copies of these emails arguing that grandmother is a third-party, and her presence (via email) in the communications waived privilege.  (Doc. 84 at 2-3). The Arizona Court of Appeals has stated:

> **The critical question is "whether the client reasonably understood the conference to be confidential notwithstanding the presence of third parties."** *Id.* (citation omitted) (internal quotation marks omitted). We have held, therefore, that the presence of a juvenile criminal defendant's parents did not cause waiver of the attorney-client privilege when "[t]he clear indication [wa]s that [the parents, who had hired and paid for counsel,] were taking an understandable parental interest and advisory role in their minor son's legal affairs." *Id.* at ¶ 12; *see also State v. Archibeque,* 223 Ariz. 231, 235–37, ¶¶ 15–21, 221 P.3d 1045, 1049–51 (App.2009) (no waiver of clergy-penitent privilege based on presence of defendant's wife when conferences included marital counseling and clergyman assured defendant and wife that conferences would be confidential). Absent a contrary showing, we presume that when a client authorizes a parent to participate in conferences with her attorney regarding the client's personal matter, and the client and the parent have no adverse interest with respect to that matter, the client has a reasonable expectation that the conferences will be confidential.[footnote omitted] (Of course, the client then assumes the risk that the parent may vitiate the privilege by voluntarily disclosing the communications). *See* Restatement (Third) of Law Governing Lawyers § 79 & cmts. c, h (attorney-client privilege may be waived when client's authorized agent discloses privileged information in unprivileged communication).

*Accomazzo v. Kemp, ex rel. Cnty. of Maricopa*, 319 P.3d 231, 235–36 ¶15 (Ariz. Ct. App. 2014) (emphasis added).

Here, the Court agrees with Plaintiff that under these circumstances the client (L.M.W.) would have reasonably believed that his attorney speaking with his mother about strategies to regain custody of L.W. would be privileged.  Therefore,

**IT IS ORDERED** that Defendants' request for copies of the emails (which is the relief sought in Doc. 84) is denied.

Dated this 21st day of September, 2023.

James A. Teilborg
Senior United States District Judge