WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>The State Of Arizona; Jonas Perry and Jane Doe Perry, Husband and Wife; Anita McDonald and John Doe McDonald, Wife and Husband; Anna Apolinar and John Doe Apolinar, Wife and Husband; Christina Gary and John Doe Gary, Wife and Husband; Brittany Scott-Membrila and John Doe Membrila, Wife and Husband; Sonya Tyus And James Tyus, Wife and Husband; A New Leaf, Inc., and Arizona nonprofit corporation,<br><br>Defendant. | CV-22-0777-PHX-JAT<br><br>**Order** |

Plaintiff has now made certain expert disclosures. With respect to one of Plaintiff's expert disclosures, Defendants state that "Plaintiffs disclosed expert opinions from Dr. Barzman regarding L.W.'s alleged emotional distress, and Dr. Barzman opines L.W. has symptoms of post-traumatic stress disorder that will be ongoing throughout his life. Pls.' Resp. at ex. A, Barzman_000006–7." (Doc. 90 at 2). As a result of this disclosure, Defendants seek an independent medical examination ("IME") of L.W. pursuant to Federal Rule of Civil Procedure 35. Plaintiff argues (among other things) that the disclosure did not put L.W.'s emotional state "in controversy" enough to justify an IME.

More specifically, Plaintiff argues that "garden variety" emotional distress claims are inadequate to show "good cause" for an IME under Rule 35. (Doc. 89 at 2). Defendants counter that the following acts of Plaintiff are sufficient to put L.W.'s emotional state and distress at issue: "a) claiming L.W. is suffering symptoms of post-traumatic stress disorder as a result of the alleged abuse; b) claiming that L.W. requires therapy or counseling for 18 years amounting to future medical expenses of $218,506.70, …; and c) intending to use Dr. Barzman as a testifying expert at trial…." (Doc. 90 at 2).

Plaintiff makes several arguments against an IME. First, Plaintiff argues that under the "*Turner* factors", which come from a district court opinion in California, Defendants have failed to show good cause. Plaintiff quotes *Turner* as holding that a claim of emotional distress will place a plaintiff's mental state in controversy such that a Rule 35 examination can be ordered by the Court when the claim is accompanied by one or more of the following:

> (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is in controversy.

(Doc. 89 at 2) (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). Plaintiff then ignores the fact that Plaintiff has disclosed an expert on this topic, with is the fourth *Turner* factor. (Doc. 89 at 3). Thus, assuming the *Turner* factors are binding on, or persuasive to, this Court, Defendants have shown good cause under *Turner*.

Next, Plaintiff argues that Defendants mischaracterize Dr. Barzman's opinions. In this regard, Plaintiff states that when Defendant's argue Dr. Barzman concluded, "L.W. has symptoms of posttraumatic stress disorder and will require future treatment for emotional distress" Defendants misstate Dr. Barzman opinions. Instead Plaintiff claims Dr. Barzman opined that L.W. had evidence of PTSD, but that he did not meet the DMS 5 criteria for PTSD, and Dr. Barzman said Plaintiff "may" benefit from treatment, not that he "will" require treatment. Assuming Plaintiff has more correctly summarized Dr.

Barzman's opinions, even under Plaintiff's summary, Defendants would be entitled to conduct an IME under Rule 35.

Third, Plaintiff argues that a recorded interview of L.W. conducted at Childhelp in April 2021 should suffice as Defendants' IME. (Doc. 89-2 at 3). Specifically, Plaintiff states, "Defendants are able to present this recorded assessment of L.W. to their export for the report, the same report which was presented to Dr. Barzman." (Doc. 89 at 5). Plaintiff's counsel neglects to mention, however, that Dr. Barzman also conducted his own interview/examination of L.W. on June 13, 2023, for purposes of the preparation of his report. (Doc. 89-1 at 3). Thus, Plaintiff's argument that the April 2021 interview is sufficient to count as a Rule 35 IME is rejected.

Finally, Plaintiff argues that even if the Court finds good cause for an IME under Rule 35, the Court still has discretion to deny the request. Here, Plaintiff argues the Court should exercise its discretion to deny the request because, "As part of the healing process, limiting the number of times that L.W. has to recount this abuse not only key, but is necessary for his well-being." (Doc. 89 at 6). The Court finds this argument to be unpersuasive because L.W. was able to submit to an interview with Dr. Barzman to aid his claims in this case. Accordingly, assuming the Court has discretion to deny the IME after good cause has been found, the Court will not exercise that discretion to deny the IME in this case.

Thus, good cause having been shown by Defendants,

**IT IS ORDERED** that Defendants' Rule 35 Mental Examination (Doc. 87) is granted as follows:

1. L.W. shall appear in person for an Independent Psychological Evaluation;

2. The examination shall be conducted by Dr. John Tsanadis;

3. The examination shall be held on September 27 at 9:00 am;[1]

---

[1] On August 2, 2023, the Court extended Plaintiff's expert disclosure deadline to accommodate Defendants' need for an extension of time to respond to Plaintiff's written discovery. (Doc. 75). This extension extended Plaintiff's deadline from August 7, 2023, to August 22, 2023. Plaintiff then, apparently, used this extension to delay disclosing all experts, not just experts whose opinions were based on the written discovery Plaintiff

4. The examination shall be at the office of Dr. John Tsanadis;

5. The examination **shall** be recorded or videotaped (at Plaintiff's request); and

6. Plaintiff's father may be present for the examination but may not participate.

**IT IS FURTHER ORDERED** that Plaintiff shall file an unredacted copy of the complaint within 14 days of the date of this Order.[2]

Dated this 21st day of September, 2023.

_____
James A. Teilborg
Senior United States District Judge

---

claimed to need from Defendants. (Doc. 89 at 5). While that delay was not technically a violation of the Court's Order, it makes Plaintiff's claimed "need" for an extension–to have time to receive Defendants' discovery–misleading. Accordingly, although Defendants suggest they are agreeable to further extensions of these deadlines, the Court will adhere to the current schedule.

[2] During the Court's consideration of this Motion the Court attempted to read the complaint, but it is so heavily redacted that significant portions cannot be understood.