William M. Fischbach, SBN# 019769
Gianni Pattas, SBN#030999
Elliot C. Stratton, SBN# #034025

**TB TIFFANY & BOSCO** P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
EMAIL: wmf@tblaw.com;gp@tblaw.com; ecs@tblaw.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>The State Of Arizona; Jonas Perry and Jane Doe Perry, Husband and Wife; Anita McDonald and John Doe McDonald, Wife and Husband; Anna Apolinar and John Doe Apolinar, Wife and Husband; Christina Gary and John Doe Gary, Wife and Husband; Brittany Scott-Membrila and John Doe Membrila, Wife and Husband; Sonya Tyus And James Tyus, Wife and Husband; A New Leaf, Inc., and Arizona nonprofit corporation,<br><br>Defendant. | Case No. 2:22-cv-00777- JAT<br><br>**PLAINTIFFS' RESPONSE TO COURT ORDER [Doc 99]**<br><br>Assigned to the<br>Hon. James A. Teilborg |

### I. Introduction

The Court recently ordered Plaintiff L.M.W. to file a supplement to his motion to seal (Doc. 93) addressing three issues. *See* Doc. 99. First, the Court requested briefing on whether L.W. needs to be substituted in as an additional plaintiff in this case based on the

1

Court's belief that L.W. is no longer a minor. Second, the Court asked L.M.W. to explain what legal authority permits L.M.W. and L.W. to continue to be referred to solely by their initials if L.W. is now an adult. And third, the Court stated it would allow L.M.W. "to more robustly brief why the facts of this case should not be public record, particularly if L.W. is allowed to proceed by only his initials." Doc. 99, at 3.

The framing of the first two issues on which the Court requested additional briefing relies on an incorrect factual premise: that L.W. is no longer a minor. L.W. remains a minor under the age of 12.[1] Because L.W. is a minor, he does not need to be substituted in as an additional plaintiff in this case. L.W.'s continued status as a minor likewise necessitates that he still be referred to only by his initials. And, to prevent L.W.'s identity from being easily discovered, the court should also allow L.M.W. to continue to be known in the public record of this case by only his initials. Similarly, the court should grant L.M.W.'s motion seeking permission to file the unredacted copy of the state-court complaint under seal, just as it was filed under seal in the state court, because it contains the full names of other relatives of L.M.W. Absent redaction or the use of initials, pseudonyms, or descriptive titles—rather than actual names—to identify those relatives in the publicly-available copy of the complaint, L.M.W.'s anonymity will be compromised.

Thus, should the court grant the motion to seal the unredacted copy of the complaint, L.M.W. will contemporaneously file a copy of the complaint in the public record that redacts the names of L.M.W., L.W.'s mother, L.W.'s paternal grandmother, and L.W.'s paternal aunt—replacing those names with initials for L.M.W. and with the pseudonyms "Mother" for L.W.'s mother, "Paternal Grandmother" for L.W.'s paternal grandmother, and "Paternal Aunt" for L.W.'s paternal aunt—but that leaves unredacted

---

[1] Should the district court require proof of L.W.'s age, L.M.W. can submit appropriate proof upon request or court order in a manner that complies with Federal Rule of Civil Procedure 5.2(a). But L.M.W. does not believe L.W.'s continued status as a minor is a fact that is disputed by the defendants, who are fully aware that L.W. is still a minor.

2

the factual allegations that were blacked out in the copy of the complaint filed in the public record in the state court. This approach should alleviate the court's concerns about not sealing information that is central to the case while simultaneously protecting the identity of the minor, L.W.

## II. Analysis

### A. L.W. does not need to be substituted in as a plaintiff in this case.

The first point on which the Court requested additional briefing revolves around the question of standing. L.W. would only need to be substituted in as an additional plaintiff in this case if his father, L.M.W., lacks standing to maintain L.W.'s gross negligence, willful and wanton conduct/negligence, and section 1983 civil rights claims on L.W.'s behalf. Under Arizona law, "[e]ither parent may maintain an action for the injury of a child." A.R.S. § 12-641. Thus, as L.W.'s father, L.M.W. has standing to maintain this action and represent his minor child, L.W., in prosecuting L.W.'s claims against the defendants. *See Reben v. Ely*, 146 Ariz. 309, 310, 705 P.2d 1360, 1361 (Ct. App. 1985) ("The purpose of § 12–641 is to specify who may bring an action to represent an injured child …."). And L.M.W. also has standing to maintain his own, derivative loss of consortium claim. *See Howard Frank, M.D., P.C. v. Superior Ct.*, 150 Ariz. 228, 229, 722 P.2d 955, 956 (1986) ("Arizona has joined those jurisdictions which allow recovery for loss of filial consortium of a minor child where the child has been severely injured by the negligence of a third party"). L.W. does not therefore need to be substituted in as an additional plaintiff in this case.

### B. Both L.W. and L.M.W. should continue to be referred to in this case solely by their initials.

The fact that L.W. remains a minor also helps resolve the second point on which the court requested additional briefing. Both L.W. and his father, L.M.W., should continue to be referred to in publicly-filed case documents solely by their initials to prevent L.W.'s identity from being disclosed and thereby protect L.W. from the harassment, injury, ridicule, and personal embarrassment that will likely result if L.W. is publicly identified.

Generally, documents filed with the court that contain the name of an individual known to be a minor may only include the minor's initials. Fed. R. Civ. P. 5(a)(3). This procedural rule "acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials." *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016). In cases involving a minor's parent, however, the protection provided by this rule "would be eviscerated unless the parent was also permitted to proceed using initials." *Id.*

Additionally, in the Ninth Circuit parties may proceed anonymously or through the use of pseudonyms "when special circumstances justify secrecy" or "when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (cleaned up). Thus, a party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

Several courts in the Ninth Circuit have concluded that when a case involves allegations of sexual assault, "any prejudice the defendant may face does not favor requiring" the alleged victim of the assault "to disclose her [or his] identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest" in knowing the victim's identity. *Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, No. 218CV08710ODWMAAX, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) (collecting cases). And the Ninth Circuit has a "tradition of not revealing names of the victims of sexual assault," which it honors by using initials in its decisions to protect the privacy of those victims. *Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993).

Here, L.W. is a minor and therefore any document filed with the court that contains his name may only include his initials, unless this Court orders otherwise. Fed. R. Civ. P. 5.2(a)(3). Under the special circumstances of this case, which involves allegations that L.W. was sexually abused, it is particularly important that L.W.'s identity not be disclosed

4

to protect him from the severe personal embarrassment and injury, as well as the possible harassment and ridicule, he will likely suffer if his identity is revealed. *See Pasadena Hospital*, 2019 WL 1612828, at *1. Thus, L.W. should continue to be identified in this case only by his initials.

For the same reason, L.W.'s father should likewise continue to be referred to in publicly-filed case documents solely by his initials "L.M.W." As other courts have recognized in cases involving minors, "a parent's identity, if disclosed, could jeopardize the child's confidentiality." *J.W.*, 318 F.R.D. at 199 (cleaned up). Thus, to protect L.W.'s anonymity and privacy rights, the court should permit L.M.W. to continue to be known only by his initials in the publicly-filed documents for this case.

**C. The unredacted copy of the complaint should still be filed under seal because it includes the full names of three of L.W.'s relatives, whose identities in turn can be used to identify L.W.**

The third point on which the Court invited additional briefing is why the facts of this case should not be public record if L.W. is allowed to proceed by only his initials. L.M.W. initially moved for leave to file the unredacted copy of the complaint under seal with this Court because the state court had previously ordered that the unredacted copy of the complaint be filed under seal when the case was initiated. *See* Minute Entry filed Mar. 28, 2022, attached hereto as Ex. 1. L.M.W.'s motion to seal was motivated by a desire to protect L.W.'s privacy interests. But the protection of those interests afforded by allowing L.W. and L.M.W. to be known only by their initials will be eviscerated if a completely unredacted copy of the complaint is filed in the public record of this case because the unredacted copy of the complaint sealed by the state court discloses the full names of L.W.'s mother, paternal grandmother, and paternal aunt—all of whom are not parties to this case.

The Ninth Circuit has used pseudonyms to conceal the identity of both parties and nonparties to a case where necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980).

As explained above, this case is an "unusual case" in which the use of pseudonyms or initials are necessary to protect the privacy of a minor, L.W., who was the victim of sexual abuse and whose identity could be easily discerned if the actual names of his close relatives who are identified in the unredacted copy of the complaint are not changed in the copy of the complaint filed in the public record.

Accordingly, L.M.W. requests that the Court permit him to file the unredacted copy of the complaint under seal, and contemporaneously file a copy of the complaint in the public record that redacts the names of L.M.W., L.W.'s mother, L.W.'s paternal grandmother, and L.W.'s paternal aunt, replacing those names with initials for L.M.W. and with the descriptive-title pseudonyms "Mother" for L.W.'s mother, "Paternal Grandmother" for L.W.'s paternal grandmother, and "Paternal Aunt" for L.W.'s paternal aunt.[2] All other materials that were blacked out in the redacted copy of the complaint filed in the public record in the state court would be left unredacted in the copy of the complaint filed in the public record in this court. This proposed approach appropriately balances L.W.'s need for anonymity and the interests weighing in favor of open judicial proceedings. No information central to the case will be sealed other than the actual names of the L.W.'s relatives that could be used to determine L.W.'s identity if not redacted from the public record. And, as the Fifth Circuit has aptly explained: "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

### III.   Conclusion

For the foregoing reasons, L.M.W. requests this court grant his motion to file the unredacted copy of the complaint under seal, and further permit him to file a redacted copy

---

[2] Although the unredacted copy of the complaint primarily refers to L.M.W. by his initials, there are a few instances where the complaint inadvertently includes his first name. It is those uses of his first name that L.M.W. seeks to redact and replace with his initials.

of the complaint in the public record that only removes the names of L.M.'s father, mother, paternal grandmother, and paternal aunt, and replaces those names with initials for his father, the pseudonym "Mother" for his mother, the pseudonym "Paternal Grandmother" for his paternal grandmother, and the pseudonym "Paternal Aunt" for his aunt.

RESPECTFULLY SUBMITTED this 27th day of October, 2023.

**TIFFANY & BOSCO**
P.A.

By:   /s/ William M. Fischbach
      William M. Fischbach
      Gianni Pattas
      Elliot C. Stratton
      Seventh Floor Camelback Esplanade II
      2525 East Camelback Road
      Phoenix, Arizona 85016
      ***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Timothy R. Hyland
Phillip E. Lapointe
THE CAVANAGH LAW FIRM
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004
thyland@cavanaghlaw.com
plapointe@cavanaghlaw.com
***Attorneys for Defendants Sonya & Jammey Tyus***

Robert Grasso, Jr.
Pari K. Scroggin
Pamela L. Judd
GRASSO LAW FIRM, P.C.
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
rgrasso@grassolawfirm.com

pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
*Attorneys for Defendant A New Leaf, Inc.*

Nathan T. Metzger
Perry E. Casazza
METZGER LAW FIRM, PLLC
3550 N. Central Avenue, Suite 1800
Phoenix, Arizona 85012
nathan.metzger@metzgerfirm.com
perry.casazza@metzgerfirm.com
*Attorneys for Defendants State of Arizona,*
*Jonas and Kayla Perry, Anita and Patrick McDonald,*
*Anna and Enrique Apolinar, Christina Gary,*
*and Brittany Scott-Membrila*

By: */s/ Kim Lehman*