WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor., <br><br> Plaintiff, <br><br> v. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV-22-00777-PHX-JAT <br><br> **ORDER** |

On October 13, 2023, the Court issued the following Order:

> On September 21, 2023, this Court issued an Order that included: "…Plaintiff shall file an unredacted copy of the complaint within 14 days of the date of this Order. [Footnote] During the Court's consideration of this Motion the Court attempted to read the complaint, but it is so heavily redacted that significant portions cannot be understood." (Doc. 92 at 4). Plaintiff has responded to this Order by moving to file an unredacted copy of the complaint under seal.
> Plaintiff's motion addresses 3 categories of information: 1) the "minor's" real name; 2) the minor's father's real name; and 3) the allegations in the complaint. Turning to the "minor's" name, generally, the name of a minor can be represented as initials without Court order. *See* Fed. R. Civ. P. 5.2. Plaintiff makes no argument, and the Court finds none, that would justify further redaction beyond the use of initials. Yet, that is what the publicly filed copy of the complaint (Doc. 1) does; it redacts the names rather than using initials. These redactions make it very difficult to understand the complaint at points. Plaintiff has not justified filing a redacted complaint (as the only complaint in the public record) rather than using initials. The motion to seal does not address or cure this issue.
> "Any minor" brings the Court to the next issue. From the documents the Court reviewed to rule on the parties' most recent discovery disputes, the Court believes that L.W. is no longer a minor. This raises two important issues: 1) Does Federal Rule of Civil Procedure 5.2 apply after a minor reaches the age of majority; and 2) Does L.W.'s father continue to have legal standing to represent him if he has reached the age of majority (assuming L.W.'s father has not been appointed as his conservator by the state courts)?

Both of these questions lead the Court to call for briefing on whether L.W. needs to be substituted in as an additional Plaintiff in this case. The Court will further call for briefing regarding under what legal authority can L.W. continue to be know by only his initials if he is an adult. *See Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993).

The second category of information at issue is whether L.W.'s father can be known by his initials. The further briefing on cause to allow L.W. to continue to be known by his initials–which must include legal citations and arguments– should include whether L.W.'s father should also be known by his initials.

The final category of information is certain details of the alleged abuse. Regarding this category of information, Plaintiff states: "Plaintiff only made minimal redactions…related to…the particularly sensitive and specific allegations of sexual misconduct…. [T]he specific allegations of sexual misconduct are not central to the claims asserted by Plaintiff." (Doc. 93 at 2). Generally, the complaint is "central" to the case. *See Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records" and requiring the district court, prior to sealing to, "consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (requiring a party to show compelling reasons to seal any information central to the case).

Here, Plaintiff does not dispute that the complaint is central to the case, but argues that Plaintiff chose to put highly sensitive, personal information in the complaint for little reason since the descriptions "are not central to the claims asserted by Plaintiff." To redact factual allegations from the complaint, Plaintiff must make a legal showing that the strong presumption of public access is outweighed. On this record, the Court is not inclined to find that the facts that form the basis of the causes of action are not "central" to the case. However, because the Court will require briefing on the foregoing issues, the Court will allow Plaintiff to more robustly brief why the facts of this case should not be public record, particularly if L.W. is allowed to proceed by only his initials. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff must file a supplement to the motion to seal (Doc. 93) within 14 days. If Defendants seek to be heard on the motion, as supplemented, they shall respond within 14 days of the supplement being filed. Plaintiff may reply within 7 days.

(Doc. 99).

Plaintiff has responded to the Court's order. (Doc. 102). Defendants did not reply.

Plaintiff first asserts that L.W. is still a minor. The Court will accept counsel's representation on this issue and no further evidence is necessary. Given that L.W. is still a minor, proceeding by only initials continues to be appropriate. L.W.'s father, L.M.W,

continues to proceed on L.W.'s behalf. It is unknown to the Court whether L.M.W. has been appointed by the state probate court to act as L.M.W.'s conservator, but Defendants have not challenged this representation.

The Court will accept Plaintiff's solution that in filing the public facing version of the complaint, Plaintiff will use only initials for L.W. and L.M.W., and will use descriptions such as L.W.'s paternal grandmother, or L.W.'s aunt, for other people. (*See* Doc. 102). Plaintiff's counsel is cautioned that prior to filing the public facing complaint, counsel should read carefully because at various points (*see, e.g.,* Doc. 94, ¶36, ¶47, ¶51, ¶55) the complaint uses actual names, not initials.

Finally, the Court must decide whether paragraphs 48-51 should be in the public version of the complaint. These paragraphs contain graphic descriptions of the alleged abuse. (*see* Doc. 94 at 7-8). Following *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003), the Court finds that these paragraphs could be used for a scandalous purpose, and accordingly will allow them to be sealed. In filing the public version of the complaint, Plaintiff's counsel shall omit these four paragraphs and instead write: Redacted per Court Order.

Based on the foregoing,

**IT IS ORDERED** that the motion to seal (Doc. 93) is granted. The Clerk of the Court shall file the unredacted version of the complaint (currently lodged at Doc. 94) under seal.

**IT IS FURTHER ORDERED** that Plaintiff shall file a public version of the complaint consistent with this Order within 14 days.

Dated this 6th day of December, 2023.

_____
James A. Teilborg
Senior United States District Judge