WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor., <br><br>    Plaintiff, <br><br>v. <br><br>State of Arizona, et al., <br><br>    Defendants. | No. CV-22-00777-PHX-JAT <br><br>**ORDER** |

Defendants have filed a motion to compel non-party the Maricopa County Office of the Legal Advocate to produce certain documents. (Doc. 114). No one has responded to the motion to compel. In other words, no one appears to argue against production; however, the Maricopa County Office of the Legal Advocate has indicated to Defendants that they will only produce the documents pursuant to court order. *Id*.

Defendants seeks a court order from this Court ordering production under Arizona Revised Statute § 8-807(K). Defendants claim the statute requires (only) the following:

> Pursuant to A.R.S. § 8-807(K), before DCS Information may be released, the court "shall review the requested records in camera and shall balance the rights of the parties who are entitled to confidentiality pursuant to this section against the rights of the parties who are seeking the release of the DCS information." Furthermore, the statute provides that "[t]he court may release otherwise confidential DCS information only if the rights of the parties seeking the DCS information and any benefits from releasing the DCS information outweigh the rights of the parties who are entitled to confidentiality and any harm that may result from releasing the DCS information." Finally, the statute provides that "[t]he court shall take reasonable steps to prevent any clearly unwarranted invasions of privacy and protect the privacy and dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of Arizona."

(Doc. 114 at 3).

Defendants then propose an Order which includes:

> IT IS ORDERED that the right of the State Defendants to obtain documents and information that are in the possession of L.W.'s guardian ad litem Chelsea R. Herzhaft, Esq., and the Maricopa County Office of the Legal Advocate (including Ms. Herzhaft's anticipated deposition testimony) outweighs any harm that may result from releasing the information, such that A.R.S. § 8-807(K) does not preclude the release of that information to the State Defendants in this case;
> IT IS FURTHER ORDRERED that Chelsea R. Herzhaft and the Office of the Legal Advocate shall produce copies of the documents requested by the State in its subpoena duces tecum to the court for an in camera review within five (5) court days of this Order;
> IT IS FURTHER ORDERED that the Court shall, as soon as practicable after its review of the records, release the records to the State Defendants' counsel with the understanding that doing so does not preclude Plaintiffs from asking the court to seal the information and/or designate it "CONFIDENTIAL" in accordance with the court's November 18, 2022, protective order (Doc. 35).

(Doc. 114-2 at 2).

There are several problems with Defendants' motion. The first is that, by omission, Defendants misrepresent the full breadth of what A.R.S. 8-807(K) requires. Specifically, the relevant portion of the statute states:

> **K.** The department or a person who is not specifically authorized by this section to obtain DCS information may petition **a judge of the superior court** to order the department to release DCS information. **The plaintiff shall provide notice to the county attorney** and to the attorney and guardian ad litem for the child, who have standing and may participate in the action. The court shall review the requested records in camera and shall balance the rights of the parties who are entitled to confidentiality pursuant to this section against the rights of the parties who are seeking the release of the DCS information. The court may release otherwise confidential DCS information only if the rights of the parties seeking the DCS information and any benefits from releasing the DCS information outweigh the rights of the parties who are entitled to confidentiality and any harm that may result from releasing the DCS information. The court shall take reasonable steps to prevent any clearly unwarranted invasions of privacy and protect the privacy and dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of Arizona.

A.R.S. 8-807(K) (emphasis added).

Here, Defendants omit that the statute requires notice to the county attorney–who would have standing to oppose this request. Defendants give no indication that they have given this mandatory notice. The statute requires the "plaintiff", i.e. the petitioner under the statute, to give such notice.

Further, Defendants omit that the statute specifically says the authority to order production lies in a judge of the superior court–which the undersigned is not. The legislature likely tied this provision to an Arizona superior court judge because, generally, state procedural laws are not applicable in Federal court. *See Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1270 (9th Cir. 2022) (noting that the Arizona notice of claim statute does not apply to federal claims); *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005) (declining to apply an Arizona statute on peer review privilege to federal claims and holding, "But we are not bound by Arizona law, and the defendants deliberately chose the federal forum to litigate this suit."); *Pellerin v. Wagner*, No. CV-14-2318-PHX-JWS, 2016 WL 950792, at *6 (D. Ariz. Mar. 14, 2016) (referencing A.R.S. § 8-807 specifically and holding, "Plaintiffs correctly note that these state statutes are not binding here, because Plaintiffs' action arises under federal law"); *Fidler v. Arizona*, No. CV-22-00300-PHX-ROS, 2023 WL 315279, at *1 (D. Ariz. Jan. 19, 2023) (questioning whether Arizona's confidentiality statutes, including A.R.S. § 8-807, apply in federal court);

As another court in this District has held:

> Here, the parties ask this Court to assert jurisdiction over a nonparty … to compel the release of dependency and other court documents that are confidential under state law. Even if the Court had this power, [footnote omitted] the Court would be unwilling to use it under the circumstances. The Court is sensitive to the independence of the Arizona judiciary and is not inclined to order the state court to do anything absent a particularly compelling reason, which the parties have not provided. Under state law, the parties can petition the superior court directly for the documents they seek and there seems to be a credible argument for production. But the superior court is better positioned to consider that argument because it is familiar with its own files and why portions of those files might or might not be appropriate for release. Further, the superior court could conduct an in camera inspection of its own file, which might be helpful here.

*Stein v. Depke*, No. CV-20-00102-TUC-JCH, 2022 WL 1081195, at *2 (D. Ariz. Apr. 11, 2022).

Like Defendants in *Agster*, Defendants here chose the federal forum by removing this case to federal court, and by doing so have put themselves, Plaintiffs and all other non-parties with documents arguably falling under the protections of various Arizona statutes

in precarious positions because those statutes do not bind this Court. Nonetheless, like the Court in *Stein*, this Court will be sensitive to the independence of the Arizona judiciary and its potential desire to decide this issue. Accordingly, the Court finds that this Court is not the proper forum to bring a motion to release documents pursuant to A.R.S. § 8-807(K). Therefore,

**IT IS ORDERED** that the motion to compel (Doc. 114) is denied without prejudice to re-filing in superior court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to Chelsea R. Herzhaft and William Owsley at their addresses listed in Doc. 114 at page 7.

Dated this 8th day of January, 2024.

James A. Teilborg
Senior United States District Judge