WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor., <br><br> Plaintiff, <br><br> v. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV-22-00777-PHX-JAT <br><br> **ORDER** |

Pending before the Court are two motions for protective orders filed by the State of Arizona in violation of this Court's Rule 16 scheduling order. Although the Court is confident the parties are aware of this Court's discovery dispute procedures because the parties have complied with the procedures in the past, the Court will nonetheless quote the relevant portion of the Scheduling Order here.

> IT IS FURTHER ORDERED that discovery motions are prohibited except as provided herein. In the event of a discovery dispute, the parties must file a joint discovery dispute motion requesting a discovery dispute hearing. The motion shall not exceed 3 pages (no exhibits are permitted). The motion cannot be broken into two parts (one for each party). Instead, the motion must be an integrated document that explains the issue to the Court. The motion must include a statement of consultation as required by Civil Local Rule 7.2(j). The consultation must be oral. In other words, the parties (or their counsel) cannot confer regarding a discovery dispute solely by correspondence. They must actually speak to each other. The motion must include an estimated length of the hearing and propose multiple dates on which the parties are all available for a hearing. (The proposed dates should be on the Court's law and motion day, which is Wednesday.)

(Doc. 19 at 3) (emphasis omitted).

Currently, the parties have various disputes about the scope of Plaintiff's Rule

30(b)(6) notice of deposition. (Doc. 135). In lieu of following this Court's discovery dispute procedures, on January 31, 2024, Defendants unilaterally filed a 19-page motion with 62 pages of exhibits. While the parties have had various discussions since last September about a 30(b)(6) deposition, the currently pending motion takes issue with the notice issued on January 18, 2024, and does not indicate a specific consultation between the parties about the motion now pending.

The 30(b)(6) deposition is set for February 5, 2024. Thus, filing a motion on January 31, 2024, deprives the Plaintiff the of the 14 days to respond to a motion, which is part of the reason, as the Court discussed at the Rule 16 conference, the Court will not allow cases to get sidetracked by briefing various discovery motions. For these procedural reasons alone, the motions for protective orders will be denied.

Moreover, the Motion at Doc. 135 spews an unknown number of issues at the Court in a way that is very difficult to parse. For example, it complains that the most recent 30(b)(6) notice was issued only 25 days before the close of discovery, (Doc.135 at 6), but makes no mention of why this is relevant. The Court is aware of no rule that requires the parties to cease discovery at least 25 days before the close of discovery. By way of further example, the motion also complains (without legal citation) that there was only nine business days notice of the deposition. However, Courts have routinely held only five business days is required. *See, e.g., Zone Sports Ctr., LLC v. Nat'l Sur. Corp.*, No. 111CV00845LJOBAM, 2012 WL 13034350, at *1 (E.D. Cal. Mar. 7, 2012) ("Commonly, courts find that notice of at least five business days' notice is required to constitute reasonable notice."). By way of another example, the Motion complains that Plaintiff has already taken fact witness depositions that would be duplicative of (at least some) of the 30(b)(6) topics. (Doc. 135 at 10) (arguing a 30(b)(6) deposition would be a "waste of time")). But the law is clear that an opposing party is allowed to bind an entity to its' official position on certain questions, separate from its employees' answers to those questions, even if that means re-deposing the same people as fact witnesses and 30(b)(6) witnesses. *See, e.g., Doe v. Trump*, 329 F.R.D. 262, 273–74 (W.D. Wash. 2018).

Additionally, the Motion complains about the pace at which Plaintiff has proceeded. Specifically, it spends 6 full pages (Doc. 135 at 5-10) complaining about Plaintiff originally noticing the 30(b)(6) deposition in July of 2023 and not more vigorously engaging with Defendant about its objections to the July (and later iterations) notice. While Plaintiff choosing to press this issue six months after it first arose may not be ideal for Plaintiff or Defendant, there is nothing in the Rules that forbids it. Indeed, Plaintiff could have waited until now to even start the discussion. Thus, to the extent this myriad of complaints underpins Defendant's global request that Plaintiff be barred from taking a 30(b)(6) deposition, they are all overruled.

At bottom, the Court's quick review of the motion reveals that the 30(b)(6) notice has 17 categories. (Doc. 135-1 at 2-5). The pending Motion objects in some form to categories 2, 3, 4, 12, 15, 5, 6, and 8. (Doc. 135 at 17). Thus, there are nine noticed topics/categories to which Defendant has no specific objection. Defendant shall produce a 30(b)(6) deponent for the unobjected to categories on February 5, 2024 at 1:00 p.m. as indicated in the notice and the deposition on these categories will proceed at that time.

As to the disputed categories, the pending discovery motions will be denied for violating the Court's Scheduling order. The parties shall brief this issue as specified below.

Therefore,

**IT IS ORDERED** that the motions at Docs. 134 and 135 are denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that for each of categories 2, 3, 4, 12, 15, 5, 6, and 8, the parties shall JOINTLY file a memorandum (not to exceed 5 pages) by 7:00 a.m., Monday, February 5, 2024.[1] Defendant shall produce a 30(b)(6) deponent on each of the 17 categories on Monday, February 5, 2024 at 1:00 p.m. The Court will issue an order on each of the eight disputed categories before 1:00 p.m. February 5, 2024.[2]

Dated this 1st day of February, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] To be clear, the parties shall file a separate memorandum (not to exceed 5 pages) for each category, for a total of 8 memoranda. For any category for which a memorandum is not filed within this deadline, Defendant's objections will be deemed to be waived/forfeited and the 30(b)(6) deposition will proceed as scheduled. Similarly, if Plaintiff fails to provide his response to Defendant's objection to a disputed topic, the Court will deem Plaintiff to have withdrawn that topic. The Court expects these memoranda to comply with the Court's scheduling order in that they must be integrated with each party's respective positions.

[2] In reviewing the motion to amend, and additionally the currently pending motion to compel, the Court is very concerned about the leisurely pace with which the parties have pursued discovery. The parties have been cautioned repeatedly that the February 12, 2024 discovery deadline is firm. The parties must make this case their highest, and perhaps their only, priority to ensure they meet their obligations to their clients within this deadline.