**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor., <br><br>Plaintiff, <br><br>v. <br><br>State of Arizona, et al., <br><br>Defendants. | No. CV-22-00777-PHX-JAT <br><br>**ORDER** |

Pending before the Court is Plaintiff L.M.W.'s ("Plaintiff") Motion for Leave to File a First Amended Complaint and Motion for Leave to File PLT Motion to Modify the Scheduling Order, (Doc. 116). Defendants James Tyus and Sonya Tyus have filed a response, (Doc. 121). Defendant A New Leaf Incorporated ("New Leaf") has also filed a response, (Doc. 123). The remaining defendants filed a Joinder regarding the two previously filed motions, (Doc. 130). Plaintiff has filed a reply, (Doc. 132). Because the parties' briefs were adequate for the Court to resolve the issues arising in Plaintiff's Motion, the Court finds this matter appropriate for decision without oral argument. L.R. Civ. 7.2(f); *see also Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Invs. Grp., Inc. v. Pacific Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). The Court now rules.

Also pending before the Court is Defendant New Leaf's Motion for Summary Judgment, (Doc. 119), and Defendant Anna Apolinar's Motion for Sanctions, (Doc. 131). The Court does not rule on these motions at this time.

## I.     BACKGROUND

Plaintiff filed this action in Maricopa County Superior Court alleging that Plaintiff's son suffered sexual abuse while living in Defendants Sonya and James Tyus's foster care, asserting claims against various Defendants, including the State of Arizona, individuals involved in the Department of Child Safety ("DCS"), the Tyuses, and A New Leaf (a foster home licensing agency). (Doc. 116 at 2–3). After Defendants removed the case, this Court entered a Rule 16 scheduling order on July 15, 2022, setting the following relevant deadlines: (1) motions to amend the complaint to be submitted by October 7, 2022, and (2) discovery to be completed by October 13, 2023. (Doc. 19 at 1–2). The Court subsequently extended the discovery deadline to February 12, 2024. (Doc. 49 at 2).

Plaintiff's original complaint contained several counts asserted against several defendants. For the purposes of this Order, the Court lists just the counts that Plaintiff originally asserted against Defendant New Leaf: (1) willful and wanton conduct/negligence, (2) loss of consortium, and (3) a 42 U.S.C.§ 1983 civil rights claim. (Doc. 1-3 at 11–12, 14–15).

On December 28, 2023, nearly fifteen months after the deadline to move to amend the complaint and less than two months before the extended discovery deadline, Plaintiff filed a motion to modify the scheduling order and to permit Plaintiff to file a first amended complaint to add a new claim against Defendant New Leaf: negligent training and supervision. (Doc. 116; *see also* Doc. 132-1 at 19–20). In his motion to amend the scheduling order, Plaintiff asserts the following pieces of evidence from discovery precipitated Plaintiff's motion to amend the complaint: (1) a closing summary form prepared by Defendant New Leaf in December 2022, disclosed to Plaintiff on August 15, 2023, and (2) testimony from a deposition of James Tyus that took place on October 31, 2023. (*Id.* at 3–4).

## II.    DISCUSSION

The Court first notes that the parties' arguments as to whether the December 2022 closing form and/or the James Tyus deposition constitute probative evidence supporting

the proposed new claim stray away from the core inquiry under Rule 16. That is, whether certain evidence is probative of a particular claim is the inquiry this Court would conduct only if it finds that such a claim can be brought. At this stage, the Court must simply determine (1) whether it is appropriate to amend the scheduling order such that an amendment to the complaint is permissible, and (2) if yes, whether to allow Plaintiff to amend the complaint in the manner he seeks in his motion. As such, the Court limits its discussion to these two issues.

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. However, Rule 16 also applies because Plaintiff filed his request to amend his complaint after the Rule 16 scheduling order's deadline for amendments passed. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Johnson*, 975 F.2d at 607–08). To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."). Accordingly, the Court will evaluate Plaintiff's motion first under Rule 16, and then, if necessary, under Rule 15(a).

### a. Rule 16

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under the "good cause" standard, "[t]he pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the

inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) (citations omitted) (quoting *Grant v. United States*, No. 2:11-cv-00360 LKK KJN PS, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), adopted by 2012 WL 218959, at *1 (E.D. Cal. Jan. 23, 2012)). Under this inquiry, the movant may be required to show:

> (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (citing *Grant*, 2011 WL 5554878, at *4).

Plaintiff argues that because all three requirements are met, this Court should amend the scheduling order to permit Plaintiff to amend his complaint to assert his new claim against Defendant New Leaf. (*See generally* Doc. 116). As for the first requirement, Plaintiff argues that he, through counsel, participated diligently in each step in the process of creating a workable Rule 16 order. (*Id.* at 5–6). As for the second requirement, Plaintiff argues that he could not have reasonably foreseen the need for the proposed amendment because "he did not learn of the information underlying his proposed amendments until after October 31, 2023." (*Id.* at 6). Plaintiff further argues that Defendant New Leaf "waited

until more than a year after the scheduling order's October 2022 deadline . . . to first assert [Plaintiff's] original complaint lacked sufficient factual allegations to support a failure to train claim . . . and threaten[] to file a motion for judgment on the pleadings." (*Id.*). As for the third requirement, Plaintiff argues that he was diligent in seeking to amend the scheduling order because courts have routinely held that a plaintiff is diligent when he spends the time necessary to gather new information and satisfy the attorney's duty to investigate under Fed. R. Civ. P. 11 before asserting legal claims. (*Id.* at 7).[1]

Defendants Sonya and James Tyus argue that Plaintiff's proposed amended complaint indeed "makes factual allegations and asserts direct claims against [James] Tyus that are not present in the original [c]omplaint." (Doc. 121 at 4). Namely, Defendants Sonya and James Tyus point out that the original complaint names Sonya as "Tyus" and James as simply Sonya's spouse; the proposed amendment now names both spouses and alleges for the first time that James' conduct is a basis for claims. (*Id.* at 4–5). The Tyuses point out that Plaintiff's arguments about good cause under the second and third requirements of the test pertain only to a lack of training by Defendant New Leaf; moreover, they assert that Plaintiff was "well aware [the Tyuses] understood the [c]omplaint to assert only claims arising from the conduct of Sonya Tyus." (*Id.* at 5–6).[2]

Defendant New Leaf first points out that this Court has previously cautioned the parties on multiple occasions that this Court will not extend the scheduling order deadlines any further, as it has already granted an extension that caused the case to reach its almost two-year anniversary of being filed.[3] (Doc. 123 at 3 (citing Doc. 49)). Defendant New Leaf further argues that Plaintiff has failed to show good cause because Plaintiff waited to begin

---

[1] In his reply, Plaintiff reiterates his arguments that Defendant New Leaf improperly withheld production of the December 2022 closing summary form, points out that said form was not created until seven weeks after the motion to amend deadline, and asserts that Defendant New Leaf mistakenly stated that said form pertained only to time after Plaintiff's minor son was removed from the Tyuses' home. (Doc. 132 at 4–5).
[2] Plaintiff's reply asserts that he resolved the issues the Tyuses raise by clarifying his proposed amended complaint. (*See* Doc. 132 at 2–3). The Court does not discuss the issues the Tyuses raise because the Court resolves Plaintiff's motion on other grounds below.
[3] The Court independently notes that the parties have known that two years from the date of filing is the deadline to file dispositive motions, since this Court told them of this firm deadline at the Rule 16 conference in July 2022.

- 5 -

discovery until ten months after the scheduling conference, and seven months after the deadline to move to amend the complaint had passed. (*Id.* at 6). Further, Defendant New Leaf argues, Plaintiff was not diligent in pursuing amendment and has not demonstrated that the deficiencies with the existing failure to train claim were unforeseeable. (*Id.* at 6–7).

The Court turns first to the second requirement in the good cause analysis: "that [Plaintiff's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his *diligent* efforts to comply, because of the development of matters which *could not have been reasonably foreseen* or anticipated at the time of the Rule 16 scheduling conference." *Morgal*, 284 F.R.D. at 460 (emphasis added) (citing *Grant*, 2011 WL 5554878, at *4). The Court notes that, contrary to Plaintiff's argument, whether Defendant New Leaf waited more than a year to assert that Plaintiff's original complaint did not support a failure to train claim is of little to no relevance to the inquiry into whether *Plaintiff* worked diligently to comply with Rule 16 deadlines. Put differently, the Court looks to a plaintiff's diligence or lack thereof, not to assertions made by a defendant; the plaintiff must diligently seek discovery to substantiate his claims regardless of the defendant's position on the substantiation. *See Zivkovic*, 302 F.3d at 1087 ("If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.").

The Court further finds that even though Plaintiff began discovery within the discovery deadline, and the December 2022 form was created after the deadline to move to amend the complaint had passed, Plaintiff has not demonstrated the requisite diligence in pursuing discovery for multiple reasons. First, contrary to Plaintiff's contentions, it is certainly relevant that Plaintiff waited to begin discovery until ten months after the entry of the scheduling order and seven months after the deadline to move to amend the complaint. *See, e.g.*, *Morris v. Sutton*, No. 1:17-cv-01488-AWI-SAB, 2019 WL 2724057, at *5 (E.D. Cal. July 1, 2019) (finding a plaintiff was not diligent when the plaintiff "failed to issue basic written discovery until . . . nearly six months after the scheduling order was

- 6 -

issued, and fully one month after the . . . deadline to file a motion to amend the pleadings"). Thus, the Court finds that Plaintiff's failure to commence discovery for such a prolonged time period constitutes a lack of diligence on Plaintiff's part.

Moreover, the Court finds that based simply on the counts in Plaintiff's original complaint, Plaintiff could reasonably have foreseen that he would wish to bring a negligent training and supervision claim against Defendant New Leaf. As discussed above, Plaintiff's original complaint asserts the following counts against Defendant New Leaf: (1) willful and wanton conduct/negligence, (2) loss of consortium, and (3) a 42 U.S.C. § 1983 civil rights claim. (*See* Doc. 1-3 at 11–12, 14–15). In Plaintiff's allegations under (1), Plaintiff states that Defendant New Leaf "*knew or should have known* that [Plaintiff's son] faced an unreasonable risk of sexual abuse and it was substantially likely that such abuse would occur." (*Id.* at 14 (emphasis added)). In Plaintiff's allegations under (3), Plaintiff states that "in the face of reports of the abuse suffered by [Plaintiff's son, Defendant New Leaf] took no such acts [precautions to prevent abuse] at all. Under the circumstances, the consequences of the *failure to train* are so obvious . . . .." (*Id.* at 18 (emphasis added)). Plaintiff now attempts to add a new claim alleging that Defendant New Leaf "negligently failed to adequately and properly train the Tyuses" and "knew or should have known that the Tyuses were not in compliance with" laws governing foster homes. (*Id.* at 19–20). Given the significant—indeed, almost complete—overlap between the existing allegations and the claim Plaintiff now seeks to bring,[4] the Court finds nothing unforeseeable such that Plaintiff satisfies the second requirement under Rule 16.[5]

As the Court has found that Plaintiff fails to satisfy the second requirement, it is not necessary to reach the first or third. However, the Court addresses the third requirement briefly. The Court agrees with Defendant New Leaf that Plaintiff's delay from October 31,

---

[4] By this Order, the Court makes no ruling on whether this language from the original complaint was adequate to put Defendants on notice of and preserve a failure to train claim against Defendant New Leaf.

[5] The Court notes in particular that even if, for example, the December 2022 form was not disclosed until after the deadline to move to amend the complaint, Plaintiff's proposed amendment is nonetheless reasonably foreseeable given Plaintiff's original allegations. Thus, Plaintiff's arguments concerning the specific timing of disclosures are unavailing.

2023, until he filed the motion to amend the complaint on December 28, 2023, evidences a lack of diligence by Plaintiff in seeking amendment of the Rule 16 order. Although Plaintiff correctly notes that an attorney has a duty under Rule 11 to investigate prior to asserting legal claims, Plaintiff, by his own admission, had obtained the last piece of evidence on which he bases his new allegation almost two full months before moving to amend the scheduling order. *See, e.g.*, *Morris*, 2019 WL 2724057, at *5 (finding a plaintiff did not diligently seek to amend the scheduling order when the plaintiff waited until "nearly a month" after the plaintiff received the new evidence to bring it to the court's attention). Accordingly, because Plaintiff fails to satisfy at least the second and third requirements to amend a Rule 16 scheduling order, the Court concludes that amendment is inappropriate and denies Plaintiff's motion.

        **b. Rule 15**

As Plaintiff failed to demonstrate "good cause" under Rule 16 justifying amendment of the scheduling order, an analysis under Rule 15(a) discussing whether Plaintiff should be granted leave to amend his complaint is unnecessary. *See Johnson*, 975 F.2d at 608–09; *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (holding that a court need not evaluate Rule 15(a) unless the movant first meets the "good cause" requirement of Rule 16).

**III. CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion, (Doc. 116), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant New Leaf's Motion for Summary Judgment, (Doc. 119), and Defendant Anna Apolinar's Motion for Sanctions, (Doc. 131), remain pending.

Dated this 1st day of February, 2024.

_____
James A. Teilborg
Senior United States District Judge