WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor., <br><br>Plaintiff, <br><br>v. <br><br>State of Arizona, et al., <br><br>Defendants. | No. CV-22-00777-PHX-JAT <br><br>**ORDER** |

Pending before the Court are several discovery disputes related to the Fed. R. Civ. P. 30(b)(6) deposition noticed by Plaintiff to the State of Arizona. (Docs. 136, 139-146). As a very brief timeline, Defendants were involved in the foster placement of Plaintiff's minor child ("the minor"). The minor was in foster care following removal by the State in 2015, 2018 and 2020-2021. In 2015 and 2018 the minor was placed with a paternal relative (grandmother). In 2020, the minor was initially placed with a third-party foster family (for about 6 weeks) and then placed with another paternal relative (aunt). During the third-party foster family placement, the minor alleges he was abused.

**Category 2**

In category 2, Plaintiff seeks a 30(b)(6) deposition of the State as follows: "All efforts taken by DCS to identify potential placements for [the minor] from January 1, 2015, through January 31, 2021." (Doc. 139 at 2). The parties do not dispute that discovery for the period from November 30, 2020, to January 27, 2021, is relevant. The parties further

agree that they have effectively completely the 30(b)(6) deposition for the 2020-2021 time period. (*Id*. at 4-5).

However, Plaintiff seeks discovery regarding the two prior dependency actions involving the minor in 2015 and 2018. Defendant argues these time periods (during which no abuse is alleged) are not relevant and also not proportional because of the number of prior employees that would have to be located and the number of records that would have to be reviewed.[1]

The Court has attempted to discern what is "really" at issue here. And while neither party directly says this, the Court believes Plaintiff seeks this information because Plaintiff wants to know why the familial placements used in 2015 and 2018 were not used again in 2020 and/or whether the relatives ultimately used in 2021 were known to Defendant in 2015 and/or 2018, and/or could have been known to Defendant in 2015 or 2018. Specifically, Plaintiff claims that Plaintiff's expert:

> provided in her expert opinion that paternal aunt was identified as potential placement for [the minor] to DCS in 2015. However, DCS failed to explore her as potential placement during the 2020 dependency filing or case investigation despite having documentation of paternal aunt's existence as early in DCS' records as 2015. [Plaintiff's expert] provided the policy of DCS is to conduct and document an extensive search for missing parents and extended family members for [the minor].

(Doc. 139 at 3–4).

Notably, Defendant does not dispute that whether certain state employees looked for familial placements in 2020 is relevant. And here, neither party has said whether the 30(b)(6) deponents who testified about the 2020 placement claimed to have relied on the 2015 and/or 2018 records to identify other family member or to convince themselves that an exhaustive search for family members had already been conducted. Further, neither party has said whether the paternal aunt and uncle ultimately used in 2021 were highlighted

---

[1] Defendant again complains that this discovery is not proportional given the amount of time left before the close of discovery in this case, but the Court has already rejected this argument. (Doc. 139).

- 2 -

in the 2015 or 2018 records such that the 2020 workers would have been on notice of their availability. All of these hypotheticals would make this testimony relevant, and to the extent the 30(b)(6) topic is limited to only this minor and only alternative familial placement options, the search/testimony is proportional.[2]

> A requesting party that is dissatisfied with discovery responses made under the federal rules may move to compel further responses pursuant to Rule 37(a). Fed. R. Civ. P. 37(a). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." *Nguyen v. Lotus by Johnny Dung Inc.*, 8:17-cv-01317-JVS-JDE, 2019 WL 3064479, at *2, 2019 U.S. Dist. LEXIS 122787, at *5 (C.D. Cal. June 5, 2019). Finally, "[t]he party who resists discovery has the burden to show discovery should not be allowed," as well as "the burden of clarifying, explaining, and supporting its objections." *Comcast of L.A., Inc. v. Top End Int'l*, No. CV 03-2213-JFW(RCx), 2003 WL 22251149, at *2, 2003 U.S. Dist. LEXIS 18640, at *6 (C.D. Cal. July 2, 2003) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

*Glodney v. Travelers Com. Ins. Co.*, No. 2:19-CV-10503-GW-MAA, 2020 WL 8414988, at *7 (C.D. Cal. Sept. 30, 2020).

Here, Plaintiff has shown relevance.[3] Defendant has not sufficiently supported its objections to overcome Plaintiff's showing of relevance, and the Court finds the discovery to be proportional as limited above. Thus, Defendant's objection to category 2, as limited

---

[2] To the extent Plaintiff's category could be read as including other alternative non-familial placements, such as alternative third-party foster homes, the Court agrees with Defendant that Plaintiff has not shown how such information would be relevant.

[3] The Court must note that Plaintiff argues relevance by quoting Fed. R. Civ. P. 26(b)(1) as stating: "One need only demonstrate that 'the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P. 26(b)(1)." Plaintiff's counsel seriously undermines his credibility by quoting a sentence from Rule 26 that was deleted almost a decade ago, and deleted because it was, in the committee's opinion, being misused. *See* Committee Notes on Rules – 2015 Amendments ("The former provision for discovery of relevant but inadmissible information that appears **'reasonably calculated to lead to the discovery of admissible evidence' is also deleted.** The phrase has been used by some, incorrectly, to define the scope of discovery. As the Committee Note to the 2000 amendments observed, use of the 'reasonably calculated' phrase to define the scope of discovery 'might swallow any other limitation on the scope of discovery.' The 2000 amendments sought to prevent such misuse by adding the word 'Relevant' at the beginning of the sentence, making clear that 'relevant' means within the scope of discovery as defined in this subdivision . . . .' The 'reasonably calculated' phrase has continued to create problems, however, and is removed by these amendments. It is replaced by the direct statement that 'Information within this scope of discovery need not be admissible in evidence to be discoverable.' Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.") (emphasis added).

herein, is overruled.

**Category 3**

Plaintiff seeks a 30(b)(6) deposition on Defendants: "Analysis, evaluation, and/or review of all DCS' identified parents, grandparents, kinship care of [the minor's] extended family, or a person with a significant relationship with [the minor] for placement of [the minor] from January 2015 through January 31, 2021." (Doc. 140 at 2). Plaintiff argues this information is relevant because:

> Plaintiffs believe that DCS' efforts to analyze, evaluate, and/or review [the minor's] close and extended family members and adults close to him to identify potential foster placements for [the minor] before November 30, 2020, bear significant relevance to their claims against the State, particularly as they relate to Plaintiffs' allegation that DCS breached its standard of care by failing to timely identify, consider, evaluate, and obtain approval for [the minor's] paternal aunt and uncle as foster parents for him.

(*Id.* at 4).

Defendant again argues that the 2015 and 2018 efforts to locate family members are not relevant or proportional. For the reasons indicated with respect to category two, the Court finds this information is relevant and that Defendant has not supported its objection sufficiently to overcome this showing of relevance. *See Glodney*, 2020 WL 8414988, at *7. Further, the Court finds that testimony limited to this minor and familial searches/evaluations of this minor's family is proportional. Thus, Defendant's objection to category 3, as limited herein, is overruled.

**Category 4**

Plaintiff seeks a 30(b)(6) deposition on Defendant's "Analysis, evaluation, and/or review of all denied placements for [the minor] from January 2015 through January 31, 2021." (Doc. 141 at 2). To show relevance Plaintiff claims that:

> [Plaintiff's expert] provided materials from DCS that show DCS must place a child in the least restrictive type of out-of-home living arrangement available, consistent with the best

> interests of the child. Plaintiffs seek information in category #4 to determine DCS' analysis, evaluation and/or review of all denied placements from 2015-2021. In 2015 and 2018, paternal grandmother was approved by DCS for placements in two dependency cases for [the minor]. From November 2020-January 2021, paternal grandmother was denied. Plaintiffs seek information as to the State's official position as to why this denial took place as well as any other denied placements.

(*Id.* at 4).

Defendant claims this information is not relevant or proportional. However, at page 6 of Doc. 141, Defendant indicates that it does not object to a 30(b)(6) deponent on this topic from November 2020 to January 2021. Further the parties agree that a 30(b)(6) deposition for this time period was already effectively completed. Thus, Plaintiff's arguments regarding the need for discovery about the paternal grandmother's denial in 2020 appears to be moot because the parties have already completed a 30(b)(6) deposition on this topic.

Thus, the only issue is whether there were denials of placements in 2015 and 2018. Plaintiff's request is not proportional to the extent it is not limited to denied familial placements. Relevance is harder to determine on this record. For example, if the paternal aunt and uncle were not considered in 2020 because they were denied in 2015 and/or 2018, that would be relevant to how the 2020 placement came to be. Whether the minor was also not placed with some other relative in 2020 because of a denial in 2015 or 2018 might also be relevant to how the 2020 placement came to be. Thus, the Court finds Plaintiff has, thinly, showed relevance.

Defendant has not sufficiently supported its objections to overcome Plaintiff's showing of relevance, and the Court finds the discovery to be proportional to the case—limited to only denied familial placements of only the minor. *See Glodney*, 2020 WL 8414988, at *7. Thus, Defendant's objection to category 4, as limited above, is overruled.

**Category 12**

Plaintiff seeks a 30(b)(6) deposition on, "All DCS actions taken pursuant to DCS' policies and procedures to locate placement for [the minor] from January 1, 2015 through

- 5 -

January 31, 2021." (Doc. 145 at 2). Plaintiff clarifies this category by stating:

> While this appears to be similar to category #2 there is a distinction. Category #12 is focused on obtaining information from DCS as to what specific DCS policies and procedures they were acting on to locate placement while category #2 focuses on all efforts to locate placement for [the minor] (not necessarily related to any DCS policy or procedure).

(*Id.* at 4). Basically, as far as the Court can glean, Plaintiff is seeking a deponent to testify as to what policies and procedures were in place in 2015 and 2018, and whether the employees were acting on those policies and procedures.[4]

As Defendant notes, there is no claim in this case that the 2015 or 2018 placements were deficient. Given that fact, the Court finds that a full review of every policy and procedure in place in 2015 and 2018, and an employee-by-employee interview of whether they knew of those policies, followed those policies, and/or elevated the implementation of one policy over another is such a massive undertaking that it is not proportional to the needs of this case. Accordingly, Defendant's objection to category 12 is sustained.

**Category 15**

Plaintiff seeks a 30(b)(6) deposition on: "All efforts taken by the State of Arizona to identify and locate an absent or missing parent, guardian, custodian, or extended family members of [the minor] contained within the State of Arizona's internal repositories or systems from January 2015 through January 31, 2021." (Doc. 146 at 2). Plaintiff argues relevance as follows:

> Based on the information discovered in this case, Plaintiffs seek to know the State's efforts in locating paternal aunt within the State's internal repositories or systems to locate paternal aunt's contact information. Paternal aunt testified that as a probation officer she had to conduct a background check with the State. Paternal aunt further testified that her contact information has remained the same since she had a background check. Plaintiffs seek the information in category #15 to

---

[4] The Court has excluded 2020 because, like the other categories, the parties agree that the 30(b)(6) depositions for the 2020 placements have already effectively been completed. (Doc. 145 at 4–5).

- 6 -

>understand if the State followed its own policies and procedures in trying to locate the contact information of a family member of [the minor].

(*Id.* at 3).

As with the other categories, the parties agree that the 30(b)(6) deposition on this topic has already effectively been completed. (Doc. 146 at 4–5). The Court has attempted to discern what is "really" at issue here. Although neither party has said this, the nature of this question suggests someone has testified that the paternal aunt could not be located in 2020 and that is why she was not considered for placement. To the extent the Court has correctly guessed what is at issue, Plaintiff has shown relevance. Further, this topic could be relevant as to whether any other familial placements were denied because the family member could not be located (once that testimony is obtained as part of category 4). Thus, the Court finds Plaintiff has shown relevance.

Defendant has not sufficiently supported its objections to overcome Plaintiff's showing of relevance, and the Court finds the discovery to be proportional to the case—limited to only location efforts for potential familial placements of only the minor. *See Glodney*, 2020 WL 8414988, at *7. Thus, Defendant's objection to category 15, as limited above, is overruled.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's objections to categories 2, (Doc. 139), 4, (Doc. 141), and 15, (Doc. 146), (as limited herein) are overruled. Plaintiff may proceed with a 30(b)(6) deposition on these topics as limited herein.

**IT IS FURTHER ORDERED** the Defendant's objections to category 3, (Doc. 140), are overruled. Plaintiff may proceed with a 30(b)(6) deposition on this topic.

/ / /

/ / /

/ / /

/ / /

1   **IT IS FINALLY ORDERED** that Defendant's objection to category 12, (Doc.
2   145), is sustained.
3   Dated this 5th day of February, 2024.

James A. Teilborg
Senior United States District Judge