WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

Pending before the Court are several discovery disputes related to the Fed. R. Civ. P. 30(b)(6) deposition noticed by Plaintiff to the State of Arizona. (Docs. 136, 139-146). As a very brief timeline, Defendants were involved in the foster placement of Plaintiff's minor child ("the minor"). The minor was in foster care following removal by the State in 2020-2021. In 2020, the minor was initially placed with a third-party foster family (for about 6 weeks) and then placed with a paternal relative (the minor's aunt). During the third-party foster family placement, the minor alleges he was abused.

**Category 5**

Plaintiff seeks a 30(b)(6) deposition on the following topic:

> The State of Arizona's systems, process, and procedure to facilitate information sharing between DCs and other State of Arizona Agencies for purposes of foster placement including without limitation systems, processes, and procedures for DCS to access information gathered by the State of Arizona during background checks, including without limitation information

gathered during Fingerprint Clearance Card background checks.

(Doc. 142 at 2).

Defendant objects and argues that this information is not relevant in this case because Plaintiff's expert does *not* opine:

> that the State's standard of care required it to facilitate the sharing of people's personal identifying information between its various departments, such as between DCS and the Department of Public Safety ('DPS'). Furthermore, Plaintiffs do not allege anywhere in their Complaint that the State violated its standard of care or violated their constitutional rights by failing to have information sharing systems in place that would allow DCS employees to access the personal identifying information of persons who had previously applied for a fingerprint clearance card with DPS.

(*Id.* at 3-4).

Plaintiff does not dispute Defendant's arguments that the allegations in this case do not encompass the foregoing. Instead, Plaintiff argues that if the State had done some kind of cross-agency check, the minor's aunt's fingerprints (and location) would have been revealed. (*Id.* at 4). The fortuitousness of this fact in this case does not make such a broad topic otherwise relevant or proportional. Thus, because Plaintiff makes no allegation that the standard of care would have required such a search, the Court sustains Defendant's objection that a 30(b)(6) deponent on this topic is neither relevant nor proportional in this case.

**Category 6**

In category 6, Plaintiff seeks a 30(b)(6) deposition on the topic of: "Databases, records systems, and other State of Arizona Databases available to DCS for purposes of foster placement." (Doc. 143 at 2). Like category 5 and category 15 (addressed by this Court in another Order), this category seems to be targeted at Defendant's ability to locate the minor's aunt.

Defendant's objection to category 6 is the same as for category 5—namely, that

Plaintiff does not allege that the standard of care requires cross-agency data sharing. (*Id.*). While Plaintiff does not dispute this argument, this topic has a different target: specifically, although cross-agency data sharing may not be *required*, what databases are employees *permitted* to access. The Court's reading of this question is that the answer would merely be a list of what databases are available to access by Defendant's employees. The Court finds this may be relevant to refute any claims that the minor's aunt could not be located. The Court further finds that merely reciting a list is proportional to the needs of this case.

Accordingly, the Court finds Plaintiff has shown relevance and Defendant has not overcome that showing sufficient to sustain Defendant's objection. *See Glodney v. Travelers Com. Ins. Co.*, No. 2:19-CV-10503-GW-MAA, 2020 WL 8414988, at *7 (C.D. Cal. Sept. 30, 2020). Thus, Defendant's objections to category 6 are overruled.

**Conclusion**[1]

**IT IS ORDERED** that Defendant's objections to category 5, (Doc. 142), are sustained.

**IT IS FURTHER ORDERED** the Defendant's objections to category 6, (Doc. 143), are overruled. Plaintiff may proceed with a 30(b)(6) deposition on this topic.

Dated this 5th day of February, 2024.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Court's order at Doc. 136 states that topic 8 is in dispute. However, the parties have advised that topic 8 has been withdrawn by Plaintiff. (Doc. 144).