WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

The Court has received another joint notice of discovery dispute from Plaintiff and Defendant state of Arizona. (Doc. 155). This dispute relates to the discovery disputes the Court addressed in its Orders at Docs. 136, 148, and 149. In the Court's order at Doc. 136, the Court stated: "Defendant shall produce a 30(b)(6) deponent on each of the 17 categories on Monday, February 5, 2024 at 1:00 p.m. The Court will issue an order on each of the eight disputed categories before 1:00 p.m. February 5, 2024." (Doc. 136 at 4). The Court then overruled Defendant's objections to categories 2, 3, 4, and 15 (as limited by the Order). (Doc. 148 at 8).

Plaintiff now complains that: "the State's designee was not able to provide any testimony on the matters described in categories 2, 3, 4, and 15 as required by the Court's orders." (Doc. 155 at 2). Defendant State of Arizona responds that its designee reviewed the file, but did not reach out to former employees who might have the information Plaintiff seeks. (*Id*.). Plaintiff now requests sanctions for the State's failure to offer a 30(b)(6)

1 deponent who could testify on the noticed topics.

2 More specifically, "…to remedy the State's failure to produce a properly prepared
3 witness on categories 2, 3, 4, and 15[,] Plaintiffs are seeking sanctions in the form of an
4 order precluding the State from presenting any evidence at trial to the effect that the State
5 did not already have access to the information necessary to find paternal aunt based on
6 information about that potential kinship placement the State had gathered during the prior
7 dependency proceedings." (Doc. 155 at 3). Defendant generally objects to this remedy,
8 arguing that certain evidence has already been produced which Defendant argues refutes
9 this conclusion. (Doc. 155 at 4). Additionally, Defendant seeks more briefing than the
10 briefing allowed by this Court's discovery dispute procedures if sanctions are going to be
11 imposed. (Doc. 155 at 3-4).

12 The Court will allow more briefing as sought by Defendant. Thus, this Order does
13 not rule on the dispute in Doc. 155. However, to guide the parties briefing, the Court will
14 provide preliminary thoughts.

15 First, the Court is unlikely to preclude evidence that has already been produced
16 (such as the testimony of L.W.'s paternal aunt). Thus, the remedy Plaintiff seeks in Doc.
17 155 – which is broad enough to encompass evidence of which Plaintiff is aware – is
18 unlikely to be granted. Thus, in any future motion, Plaintiff should tailor any relief sought
19 accordingly.

20 Second, the State is bound by the answers of its 30(b)(6) deponent. In other words,
21 the State will be precluded from offering any evidence that contradicts the answers given
22 by the deponent. Thus, if the deponent was asked "Was the aunt discovered in 2015 or
23 2018?" and the answer was "I don't know", on this record the State cannot argue it
24 affirmatively did NOT know in contraction of an "I don't know" answer. As this Court
25 stated in another case:

26 > [T]he answers of a duly noticed 30(b)(6) deponent are binding on the company. Thus, hypothetically, if the duly noticed 30(b)(6) deponent was asked, "Do you make balloons?" and answered "I don't know" – "I don't know" is the binding answer on the company. *See Memory Integrity, LLC v. Intel Corp.,* 308 F.R.D. 656, 660 (D. Or. 2015) ("The designee testifies on behalf of the corporation and thus holds it accountable.") (quotations and

citations omitted). Thus, the hypothetical company would likely not be permitted on summary judgment or at trial to offer evidence that contradicts or supplements the company's final, binding answer from the 30(b)(6) deposition that it does not know if it produces balloons. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 543 (D. Nev. 2008) ("In *Reilly v. Natwest Markets Group,* [181 F.3d 253, 268 (2d Cir. 1999)] [applying a four-prong test for preclusion] the Second Circuit held that the district court did not abuse its discretion in precluding two witnesses from testifying on subject matters for which a Rule 30(b)(6) designee was unable to provide knowledgeable and specific responses.").

*BBK Tobacco & Foods LLP v. Skunk Inc.*, No. CV-18-02332-PHX-JAT, 2020 WL 13878711, at *1 (D. Ariz. May 19, 2020); *see also Snapp v. United Transportation Union*, 889 F.3d 1088, 1103-1104 (9th Cir. 2018) ("courts have ruled that because a Rule 30(b)(6) designee testifies on behalf of the entity, the entity is not allowed to defeat a motion for summary judgment based on an affidavit that conflicts with its Rule 30(b)(6) deposition or contains information that the Rule 30(b)(6) deponent professed not to know." (internal quotations omitted)).

Finally, to the extent Plaintiff is arguing that Plaintiff believes a more prepared 30(b)(6) deponent would have helped Plaintiff because such a witness would have admitted, for example, that the aunt was previously known to Defendant State of Arizona, Plaintiff may move for a spoliation inference and/or instruction. *See*, *e.g.*, *Brower v. McDonald's Corp.*, No. 219CV02099GMNBNW, 2021 WL 5370246, at *1 (D. Nev. Nov. 16, 2021) (discussing a spoliation instruction as a sanction for failing to produce a competent 30(b)(6) deponent); *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, No. 3:12-CV-1058-SI, 2019 WL 1500698, at *6 (D. Or. Apr. 5, 2019) (same).

However, the Court notes that Defendant has offered to produce a more prepared 30(b)(6) deponent. (Doc. 155 at 2) ("the State offered to try to locate and interview its former employees and produce a representative at a follow-up deposition to testify to the information that was obtained from those efforts. Plaintiffs refused that proposed resolution of this discovery dispute."). Plaintiff refused because he "believe[s] that if the State is unable to produce a designee(s) to testify to those categories then Plaintiffs will be without recourse as the discovery deadline will have passed."). (*Id*.). Plaintiff makes this decision

at his peril. Specifically, Defendants have complained repeatedly about how late in the discovery period Plaintiff chose to pursue a 30(b)(6) deposition. (*See* Doc. 136 at 3 and Doc. 148, n.1 (discussing Defendant's timeliness complaints)). While the Court has held Plaintiff's strategy of proceeding so late is not a basis to preclude further discovery, Plaintiff cannot now expect any benefit from how late in the discovery period this case is– as this lateness is of Plaintiff's own making. The Court of Appeals has noted that, in some circumstances, a party may correct or supplement 30(b)(6) testimony. *See generally Snapp,* 889 F.3d at 1104. This Court cannot predict how the facts will unfold, or what supplements might be made before the close of discovery. Thus, if Plaintiff refuses this remedy, which would be a less drastic measure that the Court may be required to consider before entering sanctions, Plaintiff may be left without a remedy. *See, e.g., Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir. 2021) (requiring the Court to considers lesser sanctions in certain circumstances).[1]

Based on the foregoing,

**IT IS ORDERED** that the Court will not issue a decision based on Doc. 155.

**IT IS FURTHER ORDERED** that Plaintiff may file a motion for sanctions, as outlined herein, if Plaintiff so chooses. Any such motion is due by February 26, 2024. If no motion is made by this date, the Court will assume the parties have resolved this issue. The potential filing of the motion shall have no impact on the discovery deadline in this case. Further, if a motion is filed, it will have no impact on the dispositive motion deadline in this case.

Dated this 9th day of February, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] For example, a lesser sanction would be to make Defendant pay Plaintiff's fees and costs for the first failed 30(b)(6) deposition.