WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

On February 9, 2024, the Court issued the following Order:

> The Court has received another joint notice of discovery dispute from Plaintiff and Defendant state of Arizona. (Doc. 155). This dispute relates to the discovery disputes the Court addressed in its Orders at Docs. 136, 148, and 149. In the Court's order at Doc. 136, the Court stated: "Defendant shall produce a 30(b)(6) deponent on each of the 17 categories on Monday, February 5, 2024 at 1:00 p.m. The Court will issue an order on each of the eight disputed categories before 1:00 p.m. February 5, 2024." (Doc. 136 at 4). The Court then overruled Defendant's objections to categories 2, 3, 4, and 15 (as limited by the Order). (Doc. 148 at 8).
>
> Plaintiff now complains that: "the State's designee was not able to provide any testimony on the matters described in categories 2, 3, 4, and 15 as required by the Court's orders." (Doc. 155 at 2). Defendant State of Arizona responds that its designee reviewed the file, but did not reach out to former employees who might have the information Plaintiff seeks. (*Id.*). Plaintiff now requests sanctions for the State's failure to offer a 30(b)(6) deponent who could testify on the noticed topics.
>
> More specifically, "…to remedy the State's failure to produce a properly prepared witness on categories 2, 3, 4, and 15[,] Plaintiffs are seeking sanctions in the form of an order precluding the State from presenting any evidence at trial to the effect that the State did not already have access to the information necessary to find paternal aunt based on information about that potential kinship placement the State had gathered during the prior dependency proceedings." (Doc. 155 at 3). Defendant generally objects to this remedy, arguing that certain evidence has already

> been produced which Defendant argues refutes this conclusion. (Doc. 155 at 4). Additionally, Defendant seeks more briefing than the briefing allowed by this Court's discovery dispute procedures if sanctions are going to be imposed. (Doc. 155 at 3-4).
>
> The Court will allow more briefing as sought by Defendant. Thus, this Order does not rule on the dispute in Doc. 155. However, to guide the parties briefing, the Court will provide preliminary thoughts.
>
> …
>
> [T]he Court notes that Defendant has offered to produce a more prepared 30(b)(6) deponent. (Doc. 155 at 2) ("the State offered to try to locate and interview its former employees and produce a representative at a follow-up deposition to testify to the information that was obtained from those efforts. Plaintiffs refused that proposed resolution of this discovery dispute."). Plaintiff refused because he "believe[s] that if the State is unable to produce a designee(s) to testify to those categories then Plaintiffs will be without recourse as the discovery deadline will have passed."). (*Id.*). Plaintiff makes this decision at his peril. Specifically, Defendants have complained repeatedly about how late in the discovery period Plaintiff chose to pursue a 30(b)(6) deposition. (*See* Doc. 136 at 3 and Doc. 148, n.1 (discussing Defendant's timeliness complaints)). While the Court has held Plaintiff's strategy of proceeding so late is not a basis to preclude further discovery, Plaintiff cannot now expect any benefit from how late in the discovery period this case is–as this lateness is of Plaintiff's own making. The Court of Appeals has noted that, in some circumstances, a party may correct or supplement 30(b)(6) testimony. *See generally Snapp*, 889 F.3d at 1104. This Court cannot predict how the facts will unfold, or what supplements might be made before the close of discovery. Thus, if Plaintiff refuses this remedy, which would be a less drastic measure that the Court may be required to consider before entering sanctions, Plaintiff may be left without a remedy. *See, e.g., Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir. 2021) (requiring the Court to considers lesser sanctions in certain circumstances).[1]
>
> Based on the foregoing,
>
> …
>
> **IT IS FURTHER ORDERED** that Plaintiff may file a motion for sanctions, as outlined herein, if Plaintiff so chooses. Any such motion is due by February 26, 2024. …

(Doc. 157) (footnote in original).

No subsequent 30(b)(6) deposition was taken after the February 9, 2024 Order. On February 26, 2024, Plaintiff moved for sanctions against the State (hereinafter for purposes of this Order only "Defendant"). (Doc. 164).[2] Plaintiff asks for two remedies: 1) limiting the State to "I don't know" answers to the 5 categories on information listed in Doc. 164 at pages 2-3; and 2) monetary sanctions. (Doc. 164).

---

[1] For example, a lesser sanction would be to make Defendant pay Plaintiff's fees and costs for the first failed 30(b)(6) deposition.

[2] Another sanctions motion is pending unrelated to the 30(b)(6) deposition issue, as is a motion for summary judgment. This Order does not address either motion.

Defendant objects for various reasons. (Doc. 165). For example, Defendant objects to "I don't know" being the State's answer to the five categories because other witnesses, in their individual capacities, offered testimony during discovery about these 5 categories; thus, there is no reason that individual testimony should be precluded. Defendant also objects arguing that an evidence-limiting sanction and a monetary sanction are inconsistent. Defendant also objects regarding timeliness arguing that Plaintiff's late-in-the-discovery-period-30(b)(6) notice did not give Defendant enough time to prepare a witness. Defendant also objects that Defendant has offered to "cure" the prior incompetent 30(b)(6) deposition by now producing a competent 30(b)(6) deponent (Doc. 165 at 7) (a remedy Plaintiff's counsel has rejected because it would violate this Court's order setting a discovery deadline).

Turning first to Defendant's timeliness objection, the Court has already rejected it. (Doc. 136 at 2). Moreover, the 30(b)(6) deponent confirmed that he knew of these topics and began preparing for this depo in the Fall of 2023. (Doc. 164 at 4, lines 21-24). Given this new information, the State's repeated arguments about the "lateness" of the notice are evolving from unpersuasive to disingenuous.

However, as quoted above, in the Order at Doc. 157 at 4, Plaintiff is not without fault in failing to press the 30(b)(6) issue sooner ("While the Court has held Plaintiff's strategy of proceeding so late is not a basis to preclude further discovery, Plaintiff cannot now expect any benefit from how late in the discovery period this case is–as this lateness is of Plaintiff's own making."). Further, early in this case, the Court warned the parties: "In preparing the Joint Proposed Case Management Plan, the parties shall suggest their proposed deadlines keeping in mind that the Court will not entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the proposed deadlines shall give sufficient time to complete discovery by the deadline (complete being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes)." (Doc.

13 at 3, n.3. This language is repeated in the Order at Doc. 19 at pages 3-4. The Court also discussed the importance of not waiting until the last minute with counsel at the Rule 16 conference on July 13, 2022). Plaintiff's late-in-discovery 30(b)(6) formal notice fails to heed this warning.

Nonetheless, the Court directly ordered Defendant to have a 30(b)(6) deponent prepared and ready by February 5, 2024 (Doc. 148 at 8) and Defendant directly violated this Order. Thus, the Court must determine how to proceed given that Defendant now seeks to cure this violation by offering a now-prepared 30(b)(6) deponent, albeit after the close of discovery and well after the Court's ordered deadline.

The Court is unclear whether Plaintiff wants this remedy. Generally, Plaintiff is correct that taking this deposition after the close of discovery would violate this Court's scheduling orders; and the Court certainly does not fault Plaintiff for respecting the deadlines.[3] Nonetheless, at no point does Plaintiff address whether Plaintiff wishes to proceed with this deposition if the Court would allow it late.

There are downsides to not allowing the 30(b)(6) deposition to be completed. Specifically, Defendant points out that the timely testimony of two witnesses would be inconsistent with the State having exclusively an "I don't know" answer. (Doc. 165 at 13-15). One of these witnesses is a State employee with personal knowledge of his own actions on behalf of the State. There is no dispute that this testimony was timely disclosed, and (at least from a discovery standpoint) admissible. Thus, there's a glaring evidentiary inconsistency between having the employer's answer be "I don't know", but the human through whom the employer acts giving detailed answers on the same topic.[4] It would be difficult for a jury to determine credibility when inconsistent testimony would be forced to come from the same person.

---

[3] Further, the Court rejects Defendant's suggestion that the Court's deadlines were merely a deadline by which the parties could reach any resolution even if that resolution extended beyond the deadlines. (Doc. 165 at 10).

[4] The Court notes that in the Reply, Plaintiff disputes that this testimony would be inconsistent. (Doc. 166 at 9-10). The Court disagrees. Mr. Perry's testimony is more detailed than "I don't know" regarding the search for family members.

Generally, trials are a search for truth. *U.S. Equal Emp. Opportunity Comm'n v. Graycor Indus. Constructors, Inc.*, No. CV-S-04-1348-RCJ-GWF, 2005 WL 8162399, at *2 (D. Nev. Oct. 6, 2005); *Purscell v. S. Pac. Transp. Co.*, No. CIV S-99-2282WBS JFM, 2000 WL 33117432, at *3 (E.D. Cal. Sept. 20, 2000). Thus, given the lack of diligence in some measure by both parties, the Court will advance the interest of truth and permit the deposition to proceed as specified below. Further, this result is less drastic that precluding the testimony. *See generally Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–42 (9th Cir. 2021).

To the extent Defendant objects to the imposition of monetary sanctions because such sanctions should generally be limited to circumstances involving duplicative efforts (Doc. 165 at 15-16), that objection is now moot because the Court will allow a repeat 30(b)(6) deposition. Further, as discussed above, Defendant violated a Court order by not preparing the 30(b)(6) witness as ordered by this Court. Moreover, Plaintiff's note that this failure to comply appears to have been blatant: "the State's witness admitted he did essentially nothing to prepare for his deposition on those categories, in part because he was too busy with other unidentified 'things.'" (Doc. 164 at 13). For these reasons, it would appear monetary sanctions are appropriate.

However, Plaintiff has not filed a motion this Court could actually grant as filed. This Court's Scheduling Order states: If attorney's fees are sought, the movant must specify under what Federal Rule (including the appropriate subpart), statute or case the movant is seeking fees. The request for fees must further specify whether fees are sought against counsel, the client or both (and if both in what percentages). (Doc. 19 at 4). The Order also has great detail in how to seek attorney's fees. (Doc. 19 at 7-8). In the motion, Plaintiff's entire argument for monetary sanctions is:

> …the district court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); accord Fed R. Civ. P. 37(d)(3); *see also In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D.D.C. 2003) ("Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was

> substantially justified.”). The district court has “broad discretion in shaping sanctions” under Rule 37. *Fontana Prods. Inc. v. Spartech Plastics Corp.*, 6 F.App’x 591, 594 (9th Cir. 2001).
>
> …
>
> Monetary sanctions under Rule 37(b)(2)(C) and (d)(3) are also warranted because the State’s failure to produce a prepared witness on categories 2, 3, 4, and 15 was not substantially justified. The State had known these were subject matters on which the plaintiffs intended to take a Rule 30(b)(6) deposition since early October. And the Court ordered the State before the deposition began to produce a witness ready to testify on those categories. Moreover, the State’s witness admitted he did essentially nothing to prepare for his deposition on those categories, in part because he was too busy with other unidentified “things.” In short, the State gambled that it would not be required to produce a witness on categories 2, 3, 4, and 15, and lost that bet. It should not be rewarded for its dalliance.

(Doc. 164 at 10, 13). Notably, Plaintiff does not mention any dollar amount for such sanctions. Nor does Plaintiff specify whether sanctions are sought against counsel, the client, or both. Finally, Plaintiff does not address Defendant’s primary argument for why Defendant’s actions were substantially justified–namely that Plaintiff unreasonably delayed in formally noticing the 30(b)(6) deposition.

For these reasons, on this record, the Court will not grant the motion for monetary sanctions. However, this Order is without prejudice to Plaintiff moving for monetary sanctions, within the deadline set forth below, in compliance with this Court’s Scheduling Order (Doc. 19). The Court is inclined to limit such sanctions to attorney’s fees (and costs) for taking the first, unsuccessful 30(b)(6) deposition, filing the first motion for sanctions (and the reply) and filing the second motion for sanctions (and the reply). Any future motion for sanctions must explain exactly what is sought.

**Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff may take a 30(b)(6) deposition on the remaining categories from the Order at Doc. 148 by April 1, 2024.

**IT IS FURTHER ORDERED** that the motion for sanctions (Doc. 164) is denied to the extent it seeks an evidence-limiting sanction.

**IT IS FURTHER ORDERED** that the motion for sanctions (Doc. 164) is denied without prejudice to the extent it seeks a monetary sanction. Plaintiff may file a motion

for monetary sanctions related to the 30(b)(6) issue as specified herein no later than 7 days after the entry of judgment.

Dated this 19th day of March, 2024.

James A. Teilborg
Senior United States District Judge