**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>  Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>  Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the State Defendants' Motion for Sanctions. (Doc. 131). Plaintiff L.M.W. ("Plaintiff") has filed a response, (Doc. 158), and the State Defendants have filed a reply, (Doc. 161). The Court now rules.

**I.      BACKGROUND**

Plaintiff filed this action in Maricopa County Superior Court alleging that Plaintiff's son suffered sexual abuse while living in Defendants Sonya and James Tyus's foster care, asserting claims against various Defendants, including the State of Arizona, individuals involved in the Department of Child Safety ("DCS") (collectively, the "State Defendants"), the Tyuses, and A New Leaf (a foster home licensing agency). (*See generally* Doc. 1-3). Relevant to this Order, Plaintiff's claims can be separated into two groups: (1) claims brought on behalf of Plaintiff's biological son, L.W., and (2) claims brought on Plaintiff's own behalf.

On Monday, September 25, 2023, the biological son L.W. participated in a deposition. (Doc. 131-1). The State Defendants identify three instances in which they

allege Plaintiff tampered with L.W.'s deposition testimony, rendering the following testimony unreliable:

> (1) testimony that L.W. contemporaneously told Sonya Tyus about the abuse that he allegedly suffered at the hands of other children while he was in the Tyus's home; (2) a sweeping denial of any knowledge of his father's illicit drug business; and (3) testimony that "L.J." attempted to engage in anal intercourse with him while he was in the Tyus's home.

(Doc. 131 at 9).

The State Defendants request the following sanctions, should this Court find that Plaintiff engaged in witness tampering: "(1) an adverse inference jury instruction at the outset of trial that the jury is free to disregard the testimony of both L.W. and [Plaintiff] L.M.W.; and (2) dismissal of [Plaintiff] L.M.W.'s claims in this case." (*Id.* at 13).

## II.   LEGAL STANDARD

Although 18 U.S.C. § 1512(b) is a criminal statute, the Ninth Circuit Court of Appeals appeared to endorse the use of 18 U.S.C. § 1512(b) conceptually in a civil case in *Rent-A-Ctr., Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597 (9th Cir. 1991).[1] In *Rent-A-Center*, the Ninth Circuit stated that witness tampering "is prohibited by 18 U.S.C. § 1512(b), which requires a finding of intent to cause a witness to withhold testimony." 944 F.2d at 602 (citations omitted). The Ninth Circuit then stated that "[a]pplication of the unclean hands doctrine requires a finding of inequitableness or bad faith by the party to be dismissed." *Id.* (citation omitted). In other words, "[t]he doctrine [of unclean hands] bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands

---

[1] More specifically, the Ninth Circuit premised this discussion by stating: "Canyon argues that discussions between RAC's attorneys and the employer of one of Canyon's expert witnesses constituted witness tampering in violation of 18 U.S.C. § 1512, and that the district court should have imposed sanctions or dismissed RAC's case under the "unclean hands" doctrine. This contention is also meritless." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir. 1991). It is unclear to this Court whether the Ninth Circuit was rejecting Canyon's argument that this law even applies in this context versus agreeing the law applied but finding no error by the district court. For purposes of this case, the Court has assumed by implication the Ninth Circuit agreed with Canyon that the criminal statute informs the civil sanctions analysis.

in acquiring the right presently asserted." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010). As such, the Ninth Circuit appears implicitly to have endorsed the use of the unclean hands doctrine to dismiss claims of plaintiffs who are found to have engaged in witness tampering. *But see* n.1.

As for sanctions generally, the Court notes that neither party cites, and this Court did not locate, any Ninth Circuit precedent expressly addressing the application of 18 U.S.C. § 1512(b) to warrant other types of sanctions. Thus, the Court agrees with Plaintiff that should the Court choose to impose any other types of sanctions, the Court would do so under its inherent authority. The Court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

District courts in this Circuit have noted that the Ninth Circuit does not appear to have articulated which burden of proof should apply to sanctions based on witness tampering in civil cases. *See, e.g.*, *Bauer v. Hill*, No. 8:22-cv-00868-JVS (ADS), 2023 WL 6373857, at *4 (C.D. Cal. Aug. 4, 2023) (collecting cases). As a result, district courts in this Circuit have split on whether to apply a preponderance of the evidence standard or a clear and convincing standard. *Id.*; *see also Adams v. Roberts*, No. CV 18-148-M-DLC, 2021 WL 1530092, at *2 (D. Mont. Apr. 19, 2021) (explaining that the Seventh Circuit Court of Appeals has applied a preponderance of the evidence standard).

In evaluating which burden should apply, the Court emphasizes the longstanding Ninth Circuit preference for resolution of cases on the merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) ("Whenever it is reasonably possible, cases should be decided upon their merits."). To best pursue this goal, considering the State Defendants seek the sanction of dismissal, the Court will apply a clear and convincing standard when deciding whether and/or how to sanction Plaintiff L.M.W. for the conduct at issue.

Considering the above discussion, the Court will impose sanctions upon Plaintiff L.M.W. under its inherent authority if it finds that Defendants have shown, by clear and

convincing evidence, that Plaintiff L.M.W. engaged in inequitableness and/or bad faith.

### III. DISCUSSION

The State Defendants argue that Plaintiff L.M.W.'s conduct is sanctionable because Plaintiff L.M.W. induced his minor son L.W. to testify falsely at his deposition. Specifically, the State Defendants point to L.W.'s testimony that L.M.W. coached L.W. by preparing him to talk to a mustached lawyer and "providing the answers that he wanted L.W. to give." (Doc. 131 at 5). As for L.W.'s testimony regarding his efforts to report alleged abuse to Sonya Tyus, the State Defendants point out that when L.W. was asked whether it was "one of those things" where he "[didn't] remember very well" but was told to say it, L.W. said, "[i]t was one of those things." (*Id.* at 6 (citation omitted)). As for L.W.'s testimony regarding his father's drug business, Defendants emphasize that L.W. (1) denied that he made several statements about his father's drug business in a prior DCS interview, (2) stated that he knew nothing about his father's drug business, and (3) eventually admitted that L.W.'s father told L.W. that L.W. would be asked about the drug business. (*Id.* at 7–8 (citations omitted)). Finally, as for L.W.'s testimony regarding L.J.'s conduct, Defendants point out that when L.W. was asked how he knew L.J. had committed the acts in question, L.W. said "[b]ecause my dad said it happened," and that L.W. "[didn't] remember happening." (*Id.* at 8 (citations omitted)).

Based on the record presently before the Court, the Court finds that Defendants have not shown by clear and convincing evidence that Plaintiff's conduct rises to the level of inequitableness or bad faith. Although Defendants have pointed to several instances in which L.W. indicated that L.M.W. was involved in preparing L.W. for his deposition, the Court cannot conclude by clear and convincing evidence that L.M.W. intended to cause L.W. to testify falsely or that L.W.'s testimony indeed was false.[2] Put differently,

---

[2] L.W.'s failure to remember a fact does not automatically render that fact "untrue." The Court also acknowledges that in *Rent-A-Center*, the Ninth Circuit's analysis of 18 U.S.C. § 1512(b) does not expressly address whether the ultimate result of false or withheld testimony obtained (or failure to obtain that result) is important to the analysis. *See* Section II, *supra*. However, the language of the statute provides for both the "attempt" to influence a witness and the actual influence of a witness: "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, . . .." 18 U.S.C. § 1512(b). Thus, the Court finds both the intent of L.M.W. and the truth or falsity of L.W.'s

Defendants have not provided evidence that demonstrably proves intent or falsity; instead, they point to discrepancies in testimony the likes of which juries consider when evaluating credibility at trial.

Thus, while L.M.W.'s actions give the Court some pause, the Court finds that the evidence presented is insufficient to warrant sanctions at this time. However, the Court cautions that attempts to influence a witness to withhold testimony or testify falsely is a serious violation. While the Court has not found witness tampering to be shown on the present record, should Defendants present more concrete evidence of attempted tampering, the Court will address a renewed sanctions motion at that time.

Finally, the Court reiterates that even absent the requested sanctions, Defendants are not left without recourse—the jury will nevertheless be tasked with determining credibility based on all admissible evidence presented at trial.

### IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Sanctions, (Doc. 131), is **DENIED**.

**IT IS FURTHER ORDERED** that the motion at (Doc. 162) remains pending.

Dated this 1st day of April, 2024.

*James A. Teilborg*
Senior United States District Judge

---

testimony (the result obtained) to be relevant to its analysis here. *See also In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (burden in the comparable scenario of holding a party in civil contempt requires clear and convincing evidence that a party indeed violated a court order, not merely intended to violate it); *Bauer*, 2023 WL 6373857, at *4 (using civil contempt analysis to inform civil witness tampering analysis).