**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>   Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>   Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is another motion for sanctions.[1] (Doc. 173). This motion for sanctions seeks:

> …that this Court sanction Plaintiffs…by excluding from trial all new information contained within Plaintiffs' Fifteenth Supplemental Disclosure Statement. This includes excluding Dr. Barzman's supplemental rebuttal report from trial and precluding him from testifying regarding any information contained therein or obtained by him after the Court's deadline for expert rebuttal reports. This also includes precluding Mesa Public Schools, and any agent thereof, from testifying at trial. Defendants Tyus also request…their attorneys' fees and costs incurred in drafting and filing this motion.

(Doc. 173 at 7-8). The basis for these requests is that the Fifteenth Supplemental Disclosure Statement is untimely.

  This Court's scheduling order contains controlling deadlines. Regarding experts, the Court set a deadline for rebuttal expert reports. (Doc. 19 at 2). Regarding supplements, this Court requires that supplementation be completed by the earlier of: 30 days from when

---

[1] Previously Plaintiffs moved for sanctions regarding the State of Arizona's 30(b)(6) deponent, and Defendants moved for sanctions for alleged witness tampering.

the information is discovered by or revealed to the party (Doc. 19 at 2); or the close of discovery (Doc. 19 at 2-3).

Here, Defendants argue that Plaintiffs supplemented both with new factual information and new expert information after the close of discovery. In responding to this motion for sanctions, Plaintiffs must address both when this information was discovered by or revealed to them, and why it was not disclosed by the deadline for supplementation under the Court's Rule 16 order.

The Court notes that no motion to extend the deadline for supplementation in the Rule 16 order was ever made.[2] The Court further notes that, after all extensions, the deadline for supplements expired on February 12, 2024, and this supplement was not filed until March 19, 2024.

Based on the foregoing,

**IT IS ORDERED** that in responding to the currently pending motion for sanctions (Doc. 173) Plaintiffs must provide the information specified above. If Plaintiffs choose not to address any portion of the motion for sanctions, or this Order, the Court will deem such failure to be consent to the motion being granted. *See* L.R. Civ. 7.2(i).

Dated this 11th day of April, 2024.

James A. Teilborg
Senior United States District Judge

---

[2] The showing required to amend the scheduling order can be found at *L.M.W. v. Arizona*, No. CV-22-00777-PHX-JAT, 2024 WL 380978, at *2 (D. Ariz. Feb. 1, 2024). To the extent any such motion may yet be forthcoming, Plaintiffs must discuss how they diligently pursued this information within the Court's prior deadlines.

- 2 -