**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., individually, and as the biological father and on behalf of L.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | No. CV-22-00777-PHX-JAT<br><br>**ORDER** |

Pending before the Court are the following motions: (1) Motion for Summary Judgment filed by Defendants James Tyus and Sonya Tyus (collectively, "the Tyus Defendants"), (Doc. 162), (2) Motion for Sanctions filed by the Tyus Defendants, (Doc. 173), (3) Motion for Summary Judgment filed by the State Defendants, (Doc. 175), and (4) Motion for Partial Summary Judgment Against State Defendants filed by Plaintiffs L.M.W. and L.W. (collectively, "Plaintiffs"), (Doc. 176). In this Order, the Court rules on the Tyus Defendants' Motion for Sanctions, (Doc. 173), only.

**I.    BACKGROUND & LEGAL STANDARD**

The Court issued a scheduling order governing the instant action on August 15, 2022. (Doc. 19). The Court's scheduling order contains the following relevant language:

> all exhibits and witnesses that may be offered at trial must be disclosed before the discovery deadline and sufficiently in advance of the deadline that meaningful discovery necessitated by such disclosures can reasonably be completed before the discovery deadline. This Order therefore supersedes the "thirty-day before trial" disclosure deadline

>contained in Rule 26(a)(3)(B). This Order also controls the timing of supplements under Rule 26(e). Therefore (1) failure to have timely supplemented the initial disclosures, including but not limited to witnesses and exhibits, (2) failure to have timely supplemented responses to any other valid discovery requests, or (3) attempting to include any witnesses or exhibits in the joint Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions (including attorneys' fees).

(*Id.* at 2–3). As such, the Court's scheduling order controls all Rule 26 disclosures, requiring that disclosures be made before the discovery deadline. In its most recent order addressing relevant deadlines (and modifying some), the Court stated the following: "[a]ll discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be concluded by February 12, 2024." (Doc. 74 at 2). Thus, supplemental disclosures were due by February 12, 2024.[1]

On March 19, 2024, Plaintiffs' counsel served Plaintiffs' Fifteenth Supplemental Rule 26 Disclosure Statement ("Fifteenth Disclosure"). (Doc. 173-1). The Tyus Defendants assert that the following information appeared for the first time in this Fifteenth Disclosure: (1) two pages of additional supplemental opinions expressed by psychiatrist expert witness Dr. Barzman, (2) the fact that Dr. Barzman conducted a follow-up interview with L.M.W. on March 15, 2024, and (3) a new witness regarding L.W.'s school records from Mesa Public Schools and counseling L.W. received. (Doc. 173 at 2–3). The Tyus Defendants filed a motion for sanctions against Plaintiffs for Plaintiffs' alleged failure to timely disclose this evidence. (Doc. 173). The Tyus Defendants ask that the Court preclude Plaintiffs from presenting the untimely disclosed opinions, evidence, and witnesses at trial and issue any other sanctions the Court sees fit. (*Id.* at 7–8).

---

[1] Plaintiffs argue for a different interpretation of the Court's scheduling order, which the Court discusses in Section II.A, *infra*.

As a threshold matter, the Court notes that its own scheduling order cautions the litigants that a failure to timely supplement disclosures could lead to the exclusion of any untimely disclosed evidence or witnesses. (Doc. 19 at 3). More broadly, Federal Rule of Civil Procedure 37(c) governs the issuance of sanctions for failures to timely disclose or supplement. "Ninth Circuit caselaw interpreting Rule 37(c)(1) makes clear that exclusion of evidence under Rule 37(c)(1) is not appropriate if the 'failure to disclose the required information is substantially justified or harmless.'" *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191–92 (9th Cir. 2022) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). To guide the determination of whether substantial justification and/or harmlessness exist, courts evaluate the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Id.* (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)).

## II. DISCUSSION

The parties make some general arguments before arguing with particularity as to each disclosure in issue. The Court addresses the parties' general arguments first, then addresses arguments particular to each disclosure.

### A. Preliminary Issues

Plaintiffs characterize the instant motion for sanctions as a unilateral discovery dispute motion; therefore, Plaintiffs argue, the instant motion is governed by Local Rule 7.2(j) and this Court's scheduling order requiring oral consultation between the parties before a motion can be filed. (Doc. 177 at 6–8). Plaintiffs assert that the Tyus Defendants unilaterally filed the instant motion and that the Tyus Defendants failed to make any attempt to orally confer with Plaintiffs before filing the instant motion. (*Id.*). The Tyus Defendants argue that the instant motion is not a discovery motion. (Doc. 178 at 2). Indeed, the Tyus Defendants point out, Plaintiffs have failed to cite any legal precedent standing for the proposition that a Rule 37(c) motion regarding an untimely disclosure

after the close of discovery should be considered a "discovery motion" for the purposes of the rules Plaintiffs seek to invoke. (*Id.*).

The Tyus Defendants further argue that "[t]he Ninth Circuit has held motions for sanctions are not motions relating to discovery and that any local rules requiring a conference prior to imposition of the sanctions would be unenforceable." (*Id.* (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008))). After examining the legal precedent to which the Tyus Defendants cite, the Court agrees with the Tyus Defendants that the instant motion under Rule 37(c) is not a "discovery motion" governed by the rules Plaintiffs seek to invoke.[2] As such, the Court will consider the merits of the Tyus Defendants' Rule 37(c) motion for sanctions.

Plaintiffs additionally argue that their Fifteenth Disclosure is indeed "timely" under the Court's scheduling order. Specifically, Plaintiffs argue that the Court's scheduling order effectively incorporates Rule 26(e) and permits "timely" disclosures beyond the discovery deadline because the scheduling order states the following:

> [i]n no event, however, shall this provision alter the duties and obligations imposed on the parties by Federal Rule of Civil Procedure 26(e); a party must serve supplemental responses in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party.

(Doc. 177 at 8–9; Doc. 19 at 2 (emphasis omitted)). Plaintiffs appear to argue that this language is inconsistent with the language recited in Section I.A, and even that this language demonstrates that the Court intended for the default Rule 26(e) deadline to govern in some capacity.

---

[2] "Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) 'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.' As such, [the defendant's] motion in limine was not a motion 'relating to discovery pursuant to [Rules] 26–37.' . . . Rather, it was a motion relating to sanctions pursuant to Rule 37. Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable." *Hoffman*, 541 F.3d at 1179.

However, Plaintiffs take this language out of the context in which it is written. The very next sentence of the scheduling order states the following: "[t]his Order contemplates that each party will conduct discovery in an expeditious manner so as to complete, within the deadline, all discovery." (Doc. 19 at 2 (emphasis omitted)). Taken in context with this language and the language recited in Section I.A, the language on which Plaintiffs focus concerns the following scenarios: (1) anytime before the discovery deadline, parties must supplement disclosures upon discovering information governed by Rule 26 ("Rule 26 information") in a timely manner, no later than 30 days after discovering it;[3] (2) if a party justifiably or harmlessly discovers Rule 26 information after the close of discovery, the party must supplement its disclosure in a timely manner, no later than 30 days after discovering it; and (3) if a party discovers information that is responsive to their opponents' previous discovery requests after the close of discovery, the fact that the deadline has run is not an excuse not to supplement the prior, now incomplete responses. The Court's scheduling order sets a strict deadline for all supplementation: the discovery deadline. As such, any new disclosures in Plaintiffs' Fifteenth Disclosure, made approximately six weeks after the close of discovery, were presumptively untimely. The Court must therefore evaluate whether each of the belated disclosures were substantially justified or harmless.

### B. Dr. Barzman's New Interview and Opinions

#### i. Factor One: Prejudice or Surprise

Regarding prejudice or surprise, the Tyus Defendants argue that they are prejudiced because they have "no opportunity to timely depose L.M.W. regarding these new statements he made to Dr. Barzman," and because they had relied on Dr. Barzman's prior original and rebuttal reports. (Doc. 183 at 6). Plaintiffs argue that the Tyus Defendants had already deposed L.M.W. prior to Dr. Barzman's original report; as such, absent leave of the Court, the Tyus Defendants "would have had no right to depose him

---

[3] For example, even if a party discovers Rule 26 information with a year left in the discovery period, that party nonetheless has a duty to supplement its disclosure in a timely manner; the party cannot simply wait until near or at the close of discovery to supplement the disclosure.

- 5 -

again." (Doc. 177 at 11). Moreover, Plaintiffs argue, "nothing prevented the [Tyus Defendants] from asking L.M.W. at his deposition about any of the subject matters covered in his March 15 phone call with Dr. Barzman" because "L.M.W. did testify about many of those same subject matters" during his deposition. (*Id.*).

First, it is unclear to the Court why Dr. Barzman's timely original and rebuttal opinions did not include the information newly included in the supplemental report from the March 15 phone call if, as Plaintiffs assert, this information was known well before March 15. The Court perceives this issue as, at best, one of a lack of diligence on the part of Plaintiffs' counsel.[4] Additionally, whether or not the Tyus Defendants would need to seek leave of the Court to depose L.M.W. again is of minimal importance to the Rule 37(c) inquiry because any supplemental discovery that may have been justified was foreclosed by the late disclosure.

Finally, contrary to Plaintiffs' argument, the Tyus Defendants are prejudiced by the belatedly supplemented report because, as the Tyus Defendants noted and Plaintiffs impliedly concede, L.M.W. has previously testified about "*many*" of the same subject matters from Dr. Barzman's supplement, but not all. (*Id.* (emphasis added)). The Tyus Defendants provide a list of L.M.W.'s assertions from the March 15 call that have no corresponding citation to previously disclosed documentation, indicating that said assertions were not previously made in any disclosure or deposition. (Doc. 178 at 6–7). Indeed, if the supplemental report that Plaintiffs provided was merely a formality documenting a "summary" of already known and/or disclosed information, it is unclear to the Court why Plaintiffs now so vehemently challenge the Tyus Defendants' Motion to exclude the (theoretically redundant) supplemental report.

Moreover, the Court agrees with the Tyus Defendants that under these circumstances, Plaintiffs' reliance upon the original and rebuttal reports that were timely disclosed is itself an example of at least some prejudice to the Tyus Defendants. *See Bennion and Deville Find Homes Inc. v. Windermere Real Estate Servs. Co.*, No. ED CV

---

[4] The Court addresses this issue in greater detail in its discussion of factor four, willfulness or bad faith.

- 6 -

15-01921-DFM, 2018 WL 4810743, at *4 (C.D. Cal. June 21, 2018) (finding prejudice when a party relied on an expert witness's original report and the opposing party sought to allow the expert to testify about a new theory). The Court acknowledges, however, that by Dr. Barzman's own words, his overarching opinions did not change from his previous reports to the supplemental report. Therefore, this particular "prejudice" is minimal.

Considering all of the above, the first factor weighs in favor of excluding Dr. Barzman's supplemental report.

### ii. Factor Two: Ability to Cure the Prejudice

Regarding opportunity to cure the prejudice, the Tyus Defendants argue that they cannot effectively cure the prejudice at this stage because all discovery and expert disclosure deadlines have expired, and their motion for summary judgment is pending. (Doc. 173 at 6). Plaintiffs argue that any prejudice can be cured "[b]ecause [Plaintiffs] served [the Tyus Defendants] with the report in advance of Dr. Barzman's deposition, they were in the same position they would have been in had the information been included in Dr. Barzman's original or rebuttal expert reports." (Doc. 177 at 12).

Plaintiffs are correct that, in theory, the Tyus Defendants would be free to ask questions about the contents the late disclosure at the deposition of Dr. Barzman, which was already scheduled to take place not long after the supplemental disclosure was made. This less-than-perfect solution may provide a cure to the prejudice of the Tyus Defendants' reliance upon the original and rebuttal reports already disclosed. However, the Tyus Defendants emphasize, and the Court has acknowledged, that any new information in the supplemental report that consists of new factual assertions made by L.M.W. is information that the Tyus Defendants cannot address simply by asking Dr. Barzman questions at his deposition. As discussed above, the Tyus Defendants have pointed to examples of such new factual assertions.

Moreover, the fact that the parties agreed among themselves to conduct Dr. Barzman's deposition after the close of discovery did not confer onto Plaintiffs leave to ignore this Court's deadline for supplements. In other words, Plaintiffs' argument that

1 Defendants agreed to take the deposition late cannot overcome the prejudice created by
2 Plaintiffs' late disclosure. Therefore, factor two, like factor one, weighs in favor of
3 excluding Dr. Barzman's supplemental report.

### iii. Factor Three: Likelihood of Disruption of Trial

Regarding disruption of trial, the Tyus Defendants argue that the untimely disclosures would disrupt trial because they "would be left to attempt to cross examine L.M.W. without having an opportunity to timely depose him regarding the newly disclosed information." (Doc. 173 at 6). Plaintiffs reiterate that because the Tyus Defendants had already deposed L.M.W. before any of Dr. Barzman's reports were created, the Tyus Defendants would be in the same position regardless of when Dr. Barzman supplemented his report. (Doc. 177 at 12–13). Plaintiffs further argue that trial will not be disrupted because a trial date has not yet been set. (*Id.* at 12).

The Court agrees to some extent that permitting Plaintiffs to rely on the supplemental report at trial would at least slightly disrupt the trial. The Tyus Defendants' only recourse to address L.M.W.'s new factual allegations would be to ask L.M.W. about the factual allegations for the first time on cross-examination at trial, which may lead to lines of questioning that confuse a jury. However, this "disruption" is a minor one, and the crux of the issue the Tyus Defendants raise is not necessarily within the intended scope of factor three. Indeed, being left to cross-examine a witness on some topics for the first time at trial falls more squarely under factors one and two; factor three generally concerns logistical trial issues, such as timing. *See, e.g.*, *H.I.S.C., Inc. v. Franmar Int'l Importers, Ltd.*, No. 3:16-cv-00480-BEN-WVG, 2018 WL 6696265, at *2 (S.D. Cal. Dec. 20, 2018) (discussing issues of cross-examination at deposition versus at trial under factors one and two and explaining that a disruption of trial, factor three, was unlikely because the belatedly disclosed testimony was expected to take approximately five minutes of trial time). As such, because Dr. Barzman was already set to testify—likely at some length—about his timely disclosed opinions, it is unlikely that the supplemental facts disclosed will greatly impact trial itself, and factor three weighs against excluding

Dr. Barzman's supplemental report.

### iv. Willfulness or Bad Faith

Regarding willfulness or bad faith, the Tyus Defendants argue that the belated disclosure was willful because "Plaintiffs failed to disclose it despite repeated caution from the Court that the discovery deadline was firm" and that the parties must meet this deadline. (Doc. 173 at 6). Plaintiffs argue that there is no evidence of bad faith or willfulness because Plaintiffs disclosed the report the same day that they received it. (Doc. 177 at 13). Plaintiffs further assert that Dr. Barzman initiated the phone call with L.M.W. because "he wanted to ensure his original opinion about treatment recommendations for L.W. remained accurate in advance of his deposition." (*Id.*).[5]

The Court reiterates its discussion above, which concluded that even if there is little to no evidence of bad faith, there is at minimum strong evidence of a lack of diligence, and therefore of significant fault, on the part of Plaintiffs' counsel. Indeed, the Court finds that Plaintiffs' arguments regarding factors one and two (that there is no new information), if fully credited, cut strongly against Plaintiffs regarding factor four. Put differently, important information regarding L.W.'s condition that was fully known, allegedly, well before Dr. Barzman's original and rebuttal reports, absolutely should have been part of the basis for Dr. Barzman's original and rebuttal reports.

As discussed above, however, the Court does not fully credit Plaintiffs' arguments regarding prejudice because there appears to be new information contained in the supplement. Nevertheless, the new information in Dr. Barzman's supplement should have been information upon which Dr. Barzman could have originally relied. Plaintiffs were the party in the best (if not only) position to know that L.M.W. may have had additional information that was not discussed in L.M.W.'s original deposition, but that would also have been important to Dr. Barzman. Indeed, there is no evidence indicating that L.M.W. was unavailable to speak to Dr. Barzman throughout the long discovery period. The

---

[5] Again, the Court will not allow Plaintiffs to rely on Defendants' (ill-advised) decision to take a deposition after the close of discovery as cause to disregard all other clear deadlines.

- 9 -

Court faults Plaintiffs' counsel for their failure to provide (apparently) important information to their own expert in a timely manner. Therefore, even if the record presents little to no evidence of bad faith, the Court finds ample evidence of fault on the part of Plaintiffs, and as such weighs factor four in favor of excluding Dr. Barzman's supplemental report.

### v. Weighing the Factors

After weighing the four factors, the Court finds it appropriate to exclude Dr. Barzman's untimely supplemental report. The Court acknowledges that Dr. Barzman explicitly states that his "opinions" were not changed by the belatedly disclosed information—to that end, Dr. Barzman may still testify as to his timely disclosed opinions. However, to the extent that Plaintiffs attempt to elicit testimony that makes particular reference to information in the belatedly disclosed supplemental report, Plaintiffs will be precluded from doing so.

### C. Mesa Public Schools Witness and Evidence

Regarding the witness serving as a liaison with Mesa Public Schools, the Tyus Defendants reiterate their arguments under the four factors above, stating that the same arguments apply regarding the new Mesa Public Schools witness and evidence. (Doc. 173 at 7). The Tyus Defendants add that this evidence was required to be disclosed under multiple of Rule 26's provisions *and* in response to the State Defendants' interrogatory 4.[6] (*Id.*). The Tyus Defendants also raise questions as to why Plaintiffs provided this supplemental disclosure as a "general supplemental disclosure statement" instead of "supplement[ing] a discovery request from the State." (Doc. 178 at 8).

Plaintiffs explain that they did not disclose the witness, who is a "clinical school liaison with Mesa Public Schools," or any related evidence until March 2024 because L.W. did not begin the counseling program run by this liaison's employer until March

---

[6] Interrogatory 4 states the following: "As to each medical practitioner who has examined or treated any of the persons named in your answer to Interrogatory No. 2 above [asking to list injuries], for any of the injuries or symptoms described, state: a. The name, address and specialty of each medical practitioner. b. The date of each examination or treatment. c. The physical, mental or emotional condition for which each examination or treatment was performed." (Doc. 173-1 at 28).

2024. (Doc. 177 at 14). Plaintiffs state that because they knew the State Defendants "had previously asked [Plaintiffs] in discovery to identify each medical practitioner who treated L.W. for any mental or emotional injuries experience [sic] since the events alleged," Plaintiffs disclosed the Mesa Public Schools liaison once L.W. began this counseling program. (*Id.*).

On the basis of the timing of the supplement in light of the circumstances Plaintiffs recite, the Court finds that the delay was justified. Accordingly, the Court declines to exclude testimony and corresponding evidence from the Mesa Public Schools clinical school liaison at this time.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Tyus Defendants' Motion for Sanctions is **GRANTED** in part and **DENIED** in part, as specified herein.

**IT IS FURTHER ORDERED** that Plaintiffs are precluded from relying on Dr. Barzman's supplemental report.

**IT IS FURTHER ORDERED** that, to the extent that Plaintiffs' Response, (Doc. 167), to the Tyus Defendants' Motion for Summary Judgment, (Doc. 162), contains and/or relies on factual assertions from L.M.W. that were disclosed for the first time in Dr. Barzman's supplemental report, the Tyus Defendants may file, no later than Monday, July 8, 2024, a supplement to bring to the Court's attention specific instances (if any) in which Plaintiffs included in their Response now-precluded information.

**IT IS FINALLY ORDERED** that all other pending motions remain pending.

Dated this 1st day of July, 2024.

James A. Teilborg
Senior United States District Judge