**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L.M.W., *individually, and as the biological father of and on behalf of* L.W. | No. CV-22-00777-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiffs originally named 14 Defendants in this case. Defendant New Leaf Incorporated was dismissed based on a settlement on February 6, 2024. The remaining Defendants moved for summary judgment in two groups.

The "State Defendants" consisting of the State of Arizona and numerous employees (namely: Jonas and Kayla Perry, Anita and Patrick McDonald, Anna and Enrique Apolinar, Christina Gary, and Brittany Scott-Membrila) file one joint motion for summary judgment. Although a John Doe Gary and a John Doe Membrila are named as Defendants, no party has offered any status report as to them; they are unserved,[1] and they did not answer or

---

[1]  There is no proof of service on file for John Doe Membrila. However, there is no proof of service on file for Brittany Scott-Membrila either, but she answered (Doc. 12). Thus, the Court is unclear if all proofs of service have been filed. Nonetheless, Plaintiffs have not filed a proof of service for John Doe Membrila as was Plaintiffs' responsibility.

 The proof of service for John Doe Gary (Doc. 1-4 at 6) says "John Doe Gary whose true name is refused" but also says "Served on Keaton Brown-Juarez, Co-Resident, informing him that Christine's husband was being served in place of John Doe Gary." Notably, this purported proof of service has the wrong first name for Defendant Christina Gary. It also purports to tell a "co-resident" that the complaint is being amended to add "Christine's husband" instead of "John Doe Gary", which of course is inadequate to actually amend the complaint.

otherwise appear in this case.

The "Tyus Defendants" consist of James Tyus and Sonya Tyus.  They moved for summary judgment at Doc. 162.  Before the Court ruled on the motion, Plaintiff and the Tyus Defendants filed a notice of settlement.  (Doc. 188).  In the notice, the parties seek a stay of the portion of the case related to the Tyus Defendants for 120 days so they can seek to have a conservator appointed for the minor in state court to approve the settlement.[2]

The Court granted the State Defendants' motion for summary judgment.  (Doc. 191).  The Tyus Defendants' motion for summary judgment and request to stay the case pending settlement remain pending.  In the Order on the State Defendants' motion for summary judgment, this Court included the following:

> Plaintiff L.M.W. brings the following claim against the Tyus Defendants on behalf of L.W.: claim of willful and wanton conduct/negligence arising generally out of the Tyus Defendants' failure to prevent the abuse that Plaintiffs allege L.W. suffered. (Doc. 1-3 at 11). Plaintiff L.M.W. also brought the following claim against the Tyus Defendants on behalf of himself and L.W.: 42 U.S.C. § 1983 ("§ 1983") *Monell* claim arising generally out of the Tyus Defendants' alleged failure to take precautions and investigate disclosures of abuse. (*Id.* at 14–16). The § 1983 claim was dismissed without prejudice in this Court's order dated November 18, 2022. (Doc. 34).
> …
> Generally, when all federal claims have been resolved before trial, and only state law claims remain to be tried, this Court should decline to exercise supplemental jurisdiction. *Avelar v. Youth and Family Enrichment Servs.*, 364 F. App'x 358, 359 (9th Cir. 2010) ("We have frequently recognized that when federal claims are dismissed before trial, supplemental state claims should ordinarily also be dismissed. *See Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984); *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ('When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.'); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) ("By granting summary judgment to Ralphs and Cypress Creek on Oliver's ADA claim, the district court properly disposed of 'all claims over which it ha[d] original

---

[1]  The Court finds that on this record, Plaintiffs have failed to properly serve John Doe Membrila and John Doe Gary and the time to serve has long expired.  Thus, they will both be dismissed without prejudice for failure to serve within the time limits of Federal Rule of Civil Procedure 4(m).

[2]  The Court does not know why–since for the minor to receive funds through a settlement or otherwise a conservator was always necessary–Plaintiffs and their counsel have not moved for such an appointment sooner.  Further, the Court is skeptical that this state court process can be completed by December 5, 2024.  However, these two realities have no impact on the Court's decision herein.

jurisdiction.' 28 U.S.C. § 1367(c)(3). Because the balance of the factors of 'judicial economy, convenience, fairness, and comity' did not 'tip in favor of retaining the state-law claims' after the dismissal of the ADA claim, [citations omitted], the district court did not abuse its discretion in dismissing Oliver's state law claims without prejudice.").

In this case, all claims except the state law claim against Mr. and Mrs. Tyus, will be disposed of after this Order. Because this case was removed, the Court is prepared to remand this claim to state court (with the motion for summary judgment still pending). However, the Ninth Circuit Court of Appeals has instructed that the Court should allow the parties to be heard prior to remanding. *See Ho v. Russi,* 45 F.4th 1083, 1087 (9th Cir. 2022). Therefore, the Court will allow each party to file a supplemental brief regarding remand within the time specified below.

Because this Order does not resolve all claims against all parties, the Court will not enter judgment at this time. *See* Fed. R. Civ. P. 54(b). And, in the event of remand, a partial judgment to permit an appeal may not be necessary. *See Harmston v. City & Cnty. of San Francisco,* 627 F.3d 1273, 1279 (9th Cir. 2010) (permitting an appeal of the remand order and finding that ". . . because the remand order disassociated the district court from the case entirely, and surrendered the district court's jurisdiction to a state court, it should be considered final for purposes of allowing a party to appeal prior non-final federal court orders") (cleaned up); *see also Doe v. Compania Panamena de Aviacion,* No. CV-21-2536-PSGPLAX, 2021 WL 6102479, at *2 (C.D. Cal. Oct. 4, 2021) (finding that "the Ninth Circuit held in *Harmston v. City & County of San Francisco* that a non-appealable component of a case becomes a final appealable order when the remaining components are remanded to state court after a district court declines to exercise its supplemental jurisdiction."). In the event the Court decides to remand the claim against Mr. and Mrs. Tyus pending settlement, and if, in that event either Plaintiff or the State Defendants seeks a partial judgment based on this Order pursuant to Federal Rule of Civil Procedure 54(b) (which may not be necessary under *Harmston*), such party shall file a supplement regarding entry of partial judgment within the time specified below. Any such supplement must apply the Ninth Circuit test for when a partial judgment is appropriate. *See, e.g., Gomez v. EOS CCA,* No. CV-18-2740-PHX-JAT (DMF), 2020 WL 4673167, at *1 (D. Ariz. Aug. 12, 2020). Even if not required, entry of judgment may be preferable under Federal Rule of Civil Procedure 58(a) for collateral orders. *Harmston,* 627 F.3d at 1280 (discussing the deadline to appeal).
. . .

**IT IS FURTHER ORDERED** that any supplement regarding remand, as specified above, is due within 14 days of this Order.

**IT IS FINALLY ORDERED** that any supplement regarding entry of judgment pursuant to Rule 54(b) is due within 14 days of this Order.

(Doc. 191 at 2, 17-19).

Only the Tyus Defendants filed a supplement. They ask that the Court not remand this case to state court. (Doc. 192). The Tyus Defendants argue that economy, convenience, fairness, and comity support this case staying in Federal Court. (Doc. 192 at 3). The Court disagrees because an undecided issue of state law predominates the Tyus Defendants' motion for summary judgment.

1    Specifically, the Tyus Defendants assert that in a parent-child relationship, the

2    parents' legal duty to children is limited to "known and tangible risks of harm that arise

3    within the scope of the parent-child relationship." (Doc. 162 at 5). Discussing Arizona

4    caselaw, the Tyus Defendants emphasize that the duty analysis should not incorporate

5    foreseeability. (*Id.* at 5–7).

6    Plaintiffs, in the special relationship-based duty context, argue that the duty Ms.

7    Tyus owed was "to act as a reasonable and prudent parent would act in a similar situation."

8    (Doc. 167 at 6–7). Accordingly, Plaintiffs argue, "it is for the jury to resolve the factual

9    dispute as to …whether Ms. Tyus acted as a reasonable and prudent parent would under

10   similar circumstances." (*Id.* at 7).

11   Thus, the parties disagree over the legal duty imposed by the special relationship—

12   whether it is simply that of a "reasonable parent" (Plaintiffs' argument), or whether the

13   duty is limited to "known and tangible risks of harm" (Tyus Defendants' argument). The

14   Tyus Defendants rely on *Dinsmoor v. City of Phoenix*, 492 P.3d 313 (Ariz. 2021)

15   (discussing duty in the context of the special school-student relationship) and *Avita v.*

16   *Crisis Preparation & Recovery Inc.*, 521 P.3d 373 (Ariz. Ct. App. 2022) (discussing the

17   duty a provider of mental health services owed (or did not owe) to twins who were

18   ultimately drowned by their mother). Plaintiffs rely on *Broadbent by Broadbent v.*

19   *Broadbent*, 907 P.2d 43, 50 (Ariz. 1995) ("[W]e approve of the 'reasonable parent test,' in

20   which a parent's conduct is judged by whether that parent's conduct comported with that

21   of a reasonable and prudent parent in a similar situation." (citation omitted)).

22   In summary, the parties dispute the scope of one of the legal duties owed in this case

23   as a matter of state law.  This state law issue predominates.  As a result, comity and fairness

24   both favor remand.  Further, economy favors remand because the state court will decide

25   this issue of state law, rather than the federal court perhaps needing a certified question

26   process.  Economy also favors remand because the state court is deciding the

27   conservatorship issues, which might be consolidated with the claims in this case if they

28   were in a single forum.  As for convenience, this factor neither weighs for or against

remand.

To the extent the Tyus Defendants argue that they prefer the federal rules to the state rules, such an argument does not make the state rules unfair.  Accordingly, the Court finds remand is appropriate even though the state rules will thereafter apply.

Regarding Rule 54(b), as discussed above, when this Court remands the remaining state law claims to state court, a judgment is not necessary to permit an appeal of issues not remanded.  However, to clearly start the time to appeal running, the Court finds entry of judgment to be appropriate because all claims involving the State Defendants have reached their ultimate disposition.  *See Wood v. GCC Bend, LLC,* 422 F.3d 873, 878 (9th Cir. 2005).  Further, because the claims not subject to the judgment will be litigated in another forum, there is no just reason for delay.  In other words, a Rule 54(b) judgment in this case will not create piecemeal appeals.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

Thus, consistent with *Harmston*, 627 F.3d at 1279, the Court will enter a partial judgment.  Based on the foregoing,

**IT IS ORDERED** remanding Plaintiffs' claims against James Tyus and Sonya Tyus only to state court.  The motion for summary judgment pending at Doc. 162 will remain pending before the state court upon remand.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **IT IS FURTHER ORDERED** that, there being no just reason for delay, the Clerk

2    of the Court shall enter judgement in favor of Defendants State of Arizona, Jonas and Kayla

3    Perry, Anita and Patrick McDonald, Anna and Enrique Apolinar, Christina Gary, and

4    Brittany Scott-Membrila and against Plaintiffs based on this Court's order at Doc. 191; the

5    Clerk of the Court shall also enter a judgment of dismissal with prejudice on Plaintiffs'

6    claims against New Leaf Incorporated based on this Court's order at Doc. 152; the Clerk

7    of the Court shall also enter judgment of dismissal, without prejudice, as to Defendants

8    John Doe Membrila and John Doe Gary for the reasons stated in footnote 1 of this Order.

9    Dated this 13th day of September, 2024.

10

11

12

13                                                                    James A. Teilborg
                                                            Senior United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28